Westlaw.

Not Reported in N.E.2d                                                                                          Page 1
(Cite as: 1999 WL 1243313 (Ohio App. 7 Dist.))

Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Jefferson County.

Timothy J. KING, Plaintiff-Appellant,
v.
HANCOCK MANUFACTURING CO., INC., Defendant-Appellee.

No. 97 JE 72.

Dec. 14, 1999.

Character of Proceedings: Civil Appeal from Jefferson County Common Pleas Court, Case No. 96 CV 96. Affirmed.

Attorney Michael G. Simon, Weirton, WV, for Plaintiff-Appellant.

Attorney John W. Solomon, Attorney Keven Drummond Eiber, Akron, Attorney Michael Calabria, Steubenville, for Defendant-Appellee.

OPINION

VUKOVICH, J.

*1 Plaintiff-appellant Timothy King appeals the order of the Jefferson County Common Pleas Court which granted summary judgment in favor of his employer, defendant-appellee Hancock Manufacturing Company, Inc. For the following reasons, the judgment of the trial court is affirmed.

Appellant operated a machine called a Borden Can Former. This machine ejects metal oil filter shells onto a ramp. The original ramp did not work properly so Hancock designed and installed a new chute. At times, scrap metal would get caught on the "fingers" of the new chute. On March 11, 1994, appellant's hand was injured while he was attempting to remove scrap metal from the chute. On March 8, 1996, appellant filed a complaint against Hancock and the machine manufacturer. Depositions and affidavits were taken. Thereafter, Hancock successfully moved for summary judgment. This appeal resulted.

Appellant's sole assignment of error provides:
  "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT- APPELLEE."

Pursuant to Civ.R. 56(C), summary judgment is appropriate if: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence establishes that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the nonmovant, that conclusion is adverse to that party. See *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 117 (applying above test to this type of intentional tort case). The movant has the initial burden to produce some evidence that the requirements of Civ.R. 56(C) are met. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293. The burden then shifts to the nonmovant to produce evidence establishing that there is a genuine issue of fact and that reasonable minds could reach different conclusions. *Id.* Appellant argues that he met his burden of establishing that there existed genuine issues of material fact. He also contends that the trial court failed to construe the evidence in his favor. Specifically, appellant contends that the evidence established that reasonable minds could find that Hancock is liable under the intentional tort exception to the rule that workers' compensation is an employee's exclusive remedy for workplace injuries.

Collection of workers' compensation benefits is the exclusive remedy for an employee injury that arises out of the course of employment. *Blankenship v. Cincinnati Milacron Chem., Inc.* (1982), 69 Ohio St.2d 608, 613. An exception to this exclusive

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

remedy rule exists when the employer commits an intentional tort. *Id.* In establishing an employer's intent, the following must be demonstrated:

"(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*2 To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk--something short of substantial certainty--is not intent." *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 118. (Citations omitted).

In the case at bar, appellant alleged that his hand was crushed primarily as a result of a machine malfunction. That is why the machine manufacturer was one of the defendants. Appellant premises Hancock's liability on the allegation that if scrap metal did not get stuck on Hancock's discharge chute, then his hand would not have been in a position to be injured by the machine's malfunction. In his quest to prove intent, appellant focuses on the fact that he never received formal instructions from Hancock advising him against removing scrap metal with his hands. He claims that an intentional tort is evident because management knew that employees occasionally used their hands to dislodge scraps. Appellant also argues that because production was a priority at Hancock, he did not feel comfortable shutting his machine off in order to safely remove scrap metal with his hands.

However, the affidavits establish that Hancock never instructed its employees to use their hands and never told them to leave the machines running when they removed scrap metal that got caught in the chute. In fact, the machine on which appellant was injured has a warning which reads:

"DO NOT Operate this machine unless authorized and properly instructed.
WARNING This machine may start automatically at any time.
DO NOT Place hands or any part of the body in the machine while in operation.
SHUT OFF Power and remove key from safe selector switch before beginning repair, cleaning or service work.
DO NOT Repair, clean or service this machine with the power on.
BE SURE All safety devices are in place before starting this machine.
DO NOT Remove this sign from this machine."

Moreover, Hancock submitted the affidavit of appellant's coworker which stated that appellant had instructed him to use a wooden stick to dislodge scrap metal, not his hands. Another coworker stated that there are several ways to remove scrap metal from the machine, including a stick and a wrench. Appellant's supervisor submitted an affidavit which stated that he witnessed appellant use a stick to remove scrap on the day before the accident at issue. Additionally, no previous injuries had been reported to Hancock before appellant's injury. See *Foust v. Magnum Restaurants, Inc.* (1994), 97 Ohio App.3d 451, 455 (stating that previous injuries is a factor to consider under the *Fyffe* analysis). See, also, *Karvelis v. Wheeling-Pittsburgh Steel Corp.* (Oct. 12, 1994), Jefferson App. No. 93-J-34, unreported, 2.

*3 There is no evidence that harm was substantially certain to occur from clearing scrap metal. As aforementioned, substantial certainty is a significantly higher standard than negligence or wantonness. See *Fyffe, supra; Nolan v. Ormet Corp.* (Sept. 10, 1997), Monroe App. No. 790, unreported, 3. Reasonable minds could only come to the conclusion that harm was not substantially certain to occur as a result of scrap metal getting stuck in the machine's chute. It is apparent that appellant himself knew that he should have used his wooden stick to clear the metal from the chute. In fact, he trained his coworker to use said stick. Appellant was a fairly experienced operator who

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

worker on a machine that contained a warning about cleaning the machine while it was running.

Furthermore, no reasonable interpretation of the evidence would lead rational minds to conclude that Hancock required, instructed or encouraged appellant to clean scrap metal from the chute with his hands. See *McGough v. Mahoning Valley Supply* (Sept. 27, 1994), Mahoning App. No. 92 CA 189, unreported, 2. There is no implied intent to injure merely because appellant used a dangerous method to perform one of his job duties, especially where safe alternative methods existed of which appellant was aware. See *Bond v. Howard* (1995), 72 Ohio St.3d 332, 338-339 (stating the summary judgment for employer was proper where employee voluntarily performed task in a dangerous way with knowledge of danger).

Thus, the second and third prongs of the *Fyffe* test, that the employer *required* the employee to perform in a manner that was substantially certain to produce injury, are not satisfied. If any one of three prongs of *Fyffe* remains unsatisfied, then summary judgment is appropriate. Accordingly, appellant's sole assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

COX, P.J. and DONOFRIO, J., concur.

1999 WL 1243313 (Ohio App. 7 Dist.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works