# EXHIBIT C

```
                                                          Page 1
 1            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
 2                 WESTERN DIVISION

 3  *************************************************

 4  CARL G. SIMPSON, ET AL.

 5         Plaintiffs,

 6      -vs-          CASE NO.  C-1-000014

 7  INTERMET CORPORATION, ET AL.

 8         Defendants.

 9  *************************************************

10         DEPOSITION OF PERRY D. JONES

11     On the 19th day of November, 2001,
    beginning at approximately 9:35, at the Law
12  Office of Robert M. Losey, located at the West
    Virginia Building, Suite 300, 910 Fourth Avenue,
13  West Virginia, before me, Tara A. B. Arthur, a
    Certified Court Reporter and Notary Public
14  within and for the State of West Virginia,
    appeared PERRY D. JONES, who, being by me first
15  duly sworn, gave his oral deposition in the
    causes pursuant to the Notice of Counsel for the
16  respective parties as hereinafter set forth.
    Said deposition is being taken for the purpose
17  of discovery and for any and all other purposes
    as permitted under the Ohio Rules of Civil
18  Procedure.

19

20

21

22         ACCURATE REPORTING SERVICE, INC.
                  526 SEVENTH STREET
23         HUNTINGTON, WEST VIRGINIA  25701

24  (606) 329-2154 * (304) 522-9637 * (304) 345-9891
```



COPY

Page 99
1 you have to lock it out.
2    Q. Okay. But when you're operating the
3 machine -- you're not supposed to have it locked
4 out when you're operating the machine; is that
5 correct?
6    A. No, but you're supposed to have
7 something else just as equivalent to that, and
8 that is something that will prevent injury, and
9 that's guarding.
10    Q. And you think that's the equivalent of
11 a lockout/tagout procedure?
12    A. I think -- let me back up a minute and
13 make sure my comment is understood, okay?
14        If you're going to perform work on a
15 machine --
16    Q. (Interposing) Could you clarify "work"
17 in the sense of operating the machine or
18 maintenance on the machine?
19    A. Doesn't matter.
20    Q. You're not going to make a
21 classification between those two?
22    A. No. No. For this purpose, I'm not.
23        If you're going to get into the
24 machine to perform any kind of work and you have

Page 100
1 to -- in order to do that, you have got to
2 remove the guarding. Under normal operating
3 conditions, you're not allowed to get in there.
4 You're supposed to have a guard that will
5 prevent you from getting in there, okay?
6        Any time the machine is operating, for
7 any reason, that's the basic requirement of
8 machine guarding, which has been around for
9 probably 50 years or more. You don't use a
10 machine that exposes a person to moving parts
11 without guarding those parts to keep that
12 employee from getting in there.
13        Now, if you take the guard off so that
14 an employee can get inside, then the
15 lockout/tagout standard serves the same purpose,
16 it prevents that employee from getting injured
17 while he's doing his job, just as a guard does
18 to protect the employee when he's outside of the
19 machine doing his job.
20    Q. Okay.
21    A. One doesn't replace the other. They
22 have different functions, but they are both
23 intended to prevent accidents and subsequent
24 injuries to employees.

1  Q. So if you were getting into the point
2  of operation on the Sutter to perform
3  maintenance and service, you wouldn't have
4  guards up because you would have the
5  lockout/tagout procedure instead of the guards;
6  is that correct?
7  A. Well, that's correct, assuming that
8  you cannot do that job with the guard in place.
9  Q. Okay. You testified earlier that you
10 couldn't find anything, any evidence, showing
11 that there had been inspections on Sutters; is
12 that correct?
13 A. No, ma'am. That's not correct.
14 Q. Okay. You said you reviewed --
15 A. (Interposing) I testified --
16 Q. (Continuing) -- material regarding
17 inspections of the Sutters; is that correct?
18 A. No. I testified that there was a
19 total absence of any evidence that a periodic
20 inspection of the lockout procedures for the
21 Sutter machine had ever been done. I haven't
22 provided testimony that an inspection had never
23 been done of the machine.
24 Q. Okay. You just couldn't find any