IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARL G. SIMPSON AND BONNIE REED
SIMPSON, CO-ADMINISTRATORS OF          CASE NO.:  1:00-cv-00014
THE ESTATE OF CARL D. SIMPSON

    PLAINTIFFS                            JUDGE BERTELSMAN

VS.

INTERMET CORPORATION, ET AL.

    DEFENDANTS
_____

**PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND TO ENTER JUDGMENT**

Now come Plaintiffs, by and through counsel, moving the Court to Approve Settlement and Enter Judgment as against Defendant, Intermet Corporation/Ironton Iron, Inc. (hereinafter referred to as "Intermet"). To ensure that neither the settlement agreement nor any judgment reflecting the settlement may be considered fraudulent or collusive, Plaintiffs request that the Court review the agreement and the evidence in this case-presented to the Court through the summary judgment proceedings and as part of this motion-to ascertain whether a consent judgment against Intermet in Plaintiffs' favor in the amount of 2.75 million would be a good faith resolution.

If the Court finds that a judgment in this amount represents a good faith settlement of this controversy, Plaintiffs ask that the Court enter the proposed judgment.

A Memorandum in Support of Motion is attached hereto and included by reference.

Respectfully Submitted,

LAMBERT, McWHORTER & BOWLING

/s/ D. Scott Bowling
D. SCOTT BOWLING (0067617)
ATTORNEY FOR PLAINTIFFS
215 SOUTH 4TH STREET
P. O. BOX 725
IRONTON, OH  45638
attys@cloh.net
740-532-4333
740-532-7341 fax

## MEMORANDUM IN SUPPORT OF MOTION

### *Factual Background*

On September 21, 1999, decedent, Carl D. Simpson, was operating a re-manufactured Sutter machine as part of his employment with Defendant, Intermet. These Sutter machines were designed to create molds used in the manufacture of automotive parts. Carl D. Simpson was hired by Intermet in 1992.

While performing his job duties for Defendant Intermet, Carl D. Simpson was trapped in the Sutter machine, resulting in him being crushed in the moving parts of the Sutter machine. Attached hereto and marked as "Exhibit 1" is a medical exhibit demonstrating the injuries to Mr. Simpson's chest and head. As a result of these injuries, Mr. Simpson died approximately three (3) hours after being injured.

At the time of the incident, Mr. Simpson was earning approximately $35,000.00 as an employee of Intermet. The analysis of the present value of the economic loss and household services as performed by an economist totaled $1,013,834.00. A copy of the report prepared by William E. Cobb, Ph.D., is attached hereto and marked as "Exhibit 2".

Assessing a reasonable judgment amount in this case, the strength of case should also be considered. As the result of Carl D. Simpson's injuries on September 21, 1999, Defendant Intermet received various citations from the U. S. Department of Labor, Occupational Safety and Health Administration, (hereinafter referred to as "OSHA"). Much of the allegations

and facts that led to the citations were also, in Plaintiffs'
opinion, established during discovery of this case.  Further,
Plaintiffs believe that the strength of the case increases the
potential judgment amount in this case.  (OSHA citation
attached to Plaintiffs' Response to Defendant Intermet's
Motion for Summary Judgment, Tr. Doc. #76 and #80).

Analysis of the Ohio Academy of Trial Lawyers
(hereinafter referred to as "OATL") Verdict Reporters also
lend support to the consent judgment amount requested herein.
OATL Verdict Reporter Volume 30, Number 5 reports a consent
judgment amount of $7.5 million dollars of an intentional tort
claim resulting in death.  A copy of the relevant pages of
Verdict Reporter is attached hereto and marked as "Exhibit 3".
OATL Verdict Reporter Volume 31, Number 11, Case No.:  02-114
– Intentional Tort/Products Liability, settlement in the
amount of $3,000,000.00, with injuries of mesothelioma
resulting in death.  (Relevant pages attached hereto and
marked as ""Exhibit 4").  OATL Verdict Reporter Volume 25,
Number 08, Case No.:  97-162 – Employer Intentional Tort,
settlement in the amount of $965,000.00, with injuries
resulting in amputation of all five digits of dominant right
hand.  (Relevant pages attached hereto and marked as ""Exhibit
5").  OATL Verdict Reporter Volume 29, Number 9, Case No.:
00-00136 – Employer Intentional Tort, settlement in the amount
of $5,979,000.00, with injuries of amputation of dominant
right hand, depression and post-traumatic stress syndrome.
(Relevant pages attached hereto and marked as ""Exhibit 6").
OATL Verdict Reporter Volume 29, Number 05, Case No.:  00-040
– Intentional Tort, settlement in the amount of $1,175,000.00,

with injuries of amputation of right hand resulting from inadvertent activation of punch press by foot pedal. (Relevant pages attached hereto and marked as ""Exhibit 7").

At the time of Carl Simpson's death, Carl was living with his common law spouse, Bonnie Simpson. Carl and Bonnie were raising four children, two from Bonnie's prior marriage and two from Carl's prior marriage. Carl and Bonnie had lived together as husband and wife for nearly 12 years. Carl's daughter, Angel, was 15 years old and his son, Jeremy, was 18 years old when Carl died. Photographs attached hereto ("Exhibit 8") demonstrate some of the bonds between Carl and his family.

The Carl Simpson family and Intermet have agreed to settle this case. After Mediation on August 12, 2004, the parties negotiated the settlement agreement attached to this Memorandum and marked as "Exhibit 9". Plaintiffs ask that the Court review the agreement and the evidence in this case to determine whether the agreement reflects a good faith compromise to this controversy. If the Court believes that the parties have resolved this dispute in good faith, Plaintiffs ask that the Court enter the proposed judgment.

With the judgment, the Simpsons can collect a portion of the settlement proceeds through a direct action under R.C. Section 3929.06 against an Intermet insurer that has denied coverage for this claim. Since that statute requires that the Simpsons bring any direct action against an insurer by supplemental complaint in this case, the Court may later be asked to consider whether the agreement or the judgment was fraudulent or collusive. To establish that the agreement and

judgment reflect a good faith resolution to this dispute, the parties ask that the Court review the agreement, consider the evidence submitted in this proceeding and enter judgment in the Simpsons' favor for 2.75 million.

By now, this Court is thoroughly familiar with the evidence, for and against, as to Intermet's liability for the for the Simpsons' intentional tort claims. As this Court is aware, the parties filed exhaustive briefs and voluminous evidence during the summary judgment proceedings. This and the evidence discussed above provide ample support for the parties' settlement and the proposed judgment.

Because this Court is thoroughly familiar with this case through the parties' extensive motion practice, Plaintiffs feel that the Court may consider this motion without the expense and inconvenience of an evidentiary hearing. Plaintiffs, however, welcome a formal hearing if the Court believes that additional argument or evidence is necessary to approve the settlement and to enter judgment.

The parties believe that their compromise reflects a good faith resolution to their dispute. Consistent with the well-established public policy favoring settlements, Plaintiffs merely ask that this Court review as much or as little evidence necessary to determine whether the settlement is, in fact, undertaken in good faith and to enter judgment accordingly.

For these reasons herein and those facts set forth in Plaintiffs' Response to Defendant's Motion for Summary Judgment (Tr. Doc. #76 and #80), Plaintiffs request the Court enter judgment in the amount of $2,750,000.00 as against

Defendant Intermet.

Respectfully Submitted,

/s/ D. Scott Bowling
D. SCOTT BOWLING (0067617)
ATTORNEY FOR PLAINTIFFS

## Certificate of Service

A copy of the foregoing Motion was filed on the CMECF electronic filing system, such filing providing service on this the 14th day of September, 2004.

/s/ D. Scott Bowling
D. SCOTT BOWLING (0067617)
ATTORNEY FOR PLAINTIFFS