UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04-67597 |
| | ) | |
| INTERMET CORPORATION, et al., | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Marci B. McIvor |

## ORDER APPROVING COMPROMISE

The cause having come before the Court upon the Motion of Intermet Corporation and Ironton Iron, Inc. (collectively, the "Debtors") and their affiliated debtors[1] For Approval Of (I) Compromise With The Estate Of Carl David Simpson, The Simpson Family And Liberty Mutual Insurance Company, And (II) Stipulation To Modify Automatic Stay (the "Motion"); the Court having jurisdiction over this matter; notice of the Motion having been duly and properly given; the Court having found that the Settlement Agreement, defined below, is "fair and equitable," is the product of good faith and arms-length negotiations, and is a valid exercise of the Debtors' business judgment; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors, IT IS HEREBY ORDERED THAT:

1. The Motion is granted;

2. The terms and conditions of the Amended And Restated Settlement Agreement and Release dated as of January 2005, between the Debtors, the estate of Carl David Simpson (the "Simpson Estate"), Bonnie Simpson, as wife of Carl David Simpson and as co-administrator

---

[1] The debtors are Intermet Corporation, Alexander City Casting Company, Inc., Cast-Matic Corporation, Columbus Foundry, L.P., Diversified Diemakers, Inc., Ganton Technologies, Inc., Intermet Holding Company, Intermet Illinois, Inc., Intermet International, Inc., Intermet U.S. Holding, Inc., Ironton Iron, Inc., Lynchburg Foundry Company, Northern Castings Corporation, Sudbury, Inc., SUDM, Inc., Tool Products, Inc., Wagner Castings Company, and Wagner Havana, Inc.

of the Simpson Estate, Carl Simpson, as father of Carl David Simpson and as co-administrator of the Simpson Estate, Mary Simpson, Jeremy Simpson, and Angel Bowman (collectively, the "Simpson Family"), and Liberty Mutual Insurance Company ("Liberty Mutual"), a copy of which is attached to the Motion as Exhibit B and which is expressly incorporated herein (the "Settlement Agreement"), and the compromise effected thereby and described therein, are approved;

3. Subject to the terms of this Order, the parties to the Settlement Agreement are authorized to take such further action, and execute such further documents and pleadings, as may be contemplated or required by the Settlement Agreement without further order of this Court;

4. The automatic stay is modified solely to permit the Simpson Estate and the Simpson Family to take such actions as are necessary to consummate the compromise effected by the Settlement Agreement, in connection with the lawsuit currently pending before the United States District Court for the Southern District of Ohio, and styled as <u>Carl G. Simpson and Bonnie Reed Simpson v. Intermet Corporation, et al.</u>, Case No. C-00 0014 (the "Court Action");

5. This Order shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure or otherwise;

6. Within 15 days after this Order becomes non-appealable, Liberty Mutual shall pay the Simpson Estate the amount of $900,000.00 by means of a check payable to "Bonnie Simpson and Carl G. Simpson, as Co-Administrators of the estate of Carl David Simpson, and Lambert, McWhorter and Bowling" and shall pay Bonnie Simpson the amount of $100,000.00 by means of a check payable to "Bonnie Simpson and Lambert, McWhorter and Bowling";

7. Within 15 days after this Order becomes non-appealable, Liberty Mutual shall pay the Debtors $133,792.57 for reimbursement of claim expenses. Liberty Mutual shall further pay

3

the Debtors the amount of 70% of the total bankruptcy dividends paid, if any, to Ohio counsel for the Debtors on account of pre-petition invoice number 1619550 dated July 23, 2004, ($25,412.17) and invoice number 1632849 dated September 13, 2004 ($14,674.18), from Ohio counsel to Intermet, whenever such dividends are in fact paid;

      8.    Without further order or notice, the Debtors are authorized to assign to the Simpson Estate and the Simpson Family their rights to collect from The National Fire Insurance Company of Pittsburgh, Pa. ("National Fire"), as such rights may exist with respect to the accident giving rise to the Court Action (the "Accident"), under the commercial umbrella policy (No. 701 08 15) between the Debtors and National Fire. The Simpson Estate and the Simpson Family shall pay the Debtors 50% of the gross proceeds exceeding $200,000, up to $50,000, from any action brought by the Simpson Estate or the Simpson Family against National Fire relating to the Accident.

      9.    The Simpson Estate shall be deemed to hold an allowed, unsecured, non-priority claim against the bankruptcy estate of Ironton Iron, Inc. in the amount of $138,727.07, without further order or notice. Any and all liabilities (beyond those claims contemplated by the Settlement Agreement) which may have been scheduled by the Debtors in favor of the Simpson Estate or the Simpson Family, or any one of them, are disallowed and expunged.

      10.    This is a final Order within the meaning of 28 U.S.C. § 158(a)(1) that is effective immediately upon entry.

Dated: FEB 1 8 2005, 2005

Honorable Marci B. McIvor
UNITED STATES BANKRUPTCY JUDGE

A TRUE COPY
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
BY: Patricia O'Hara
DEPUTY CLERK
Date: FEB 1 8 2005

4

001.1764577.2