IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 APR 22 AM 11: 35

CARL G. SIMPSON AND BONNIE REED
SIMPSON, CO-ADMINISTRATORS OF            CASE NO: 1:00-cv-14
THE ESTATE OF CARL D. SIMPSON

      PLAINTIFFS                                JUDGE BERTELSMAN

VS.

NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA
ADMINISTRATIVE OFFICES
70 PINE STREET
NEW YORK, NY  10270-0150

      DEFENDANT

---

## SUPPLEMENTAL COMPLAINT WITH JURY DEMAND

Now come Plaintiffs, Carl G. Simpson and Bonnie Reed Simpson, Co-Administrators of the Estate of Carl D. Simpson, (hereinafter referred to as ``Simpsons''), in their Complaint for declaratory relief against Defendant, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter referred to as ``National Union''), alleging that:

1. The Simpsons brought this workplace intentional tort action against Intermet Corporation/Ironton Iron, Inc. (hereinafter referred to as ``Intermet''), Carl D. Simpson's former employer, after being fatally injured on the job at Intermet's Iron, Ohio plant on September 21, 1999. The Simpsons alleged that Intermet required Carl D. Simpson to work in a dangerous condition that Intermet knew was substantially certain to cause him harm. The Simpsons have

never alleged, nor attempted to prove, that Intermet directly intended that he be harmed. The parties have settled the intentional tort action, with Intermet and its primary carrier assigning to the Simpsons any causes of action that they may have against any insurer that has breached its insurance policies with Intermet.

2. National Union insured Intermet from November 1, 1998, to November 1, 1999, under an employers liability policy. (A copy of the policy is being manually filed as ``Exhibit 1'' to Supplemental Complaint). The policy requires National Union to ``pay on behalf of the **Insured** those sums in excess of the Retained Limit that the **Insured** becomes legally obligated to pay by reason of liability imposed by law or assumed by the **Insured** under an **Insured Contract** because of **Bodily Injury**. . . that takes place during the Policy Period and is caused by an **Occurrence** happening anywhere in the world.''

3. Even though Carl D. Simpson's bodily injury occurred during the policy period and arose from an accident on the job in Ohio, National Fire has denied coverage based upon an exclusion in Part V(O). That exclusion indicates that the policy does not apply to ``**Bodily Injury** or **Property Damage** expected or intended from the standpoint of the Insured [Intermet]''.

4. The Ohio Supreme Court and other appellate courts have consistently held that this exclusions does not apply to workplace intentional tort claims like this one. In

particular, these courts have found that the exclusions only apply to claims in which the injured employee alleges that the employer directly intended to injure the employee. On the other hand, the courts have ruled that the exclusion does not bar coverage where, as here, the employee alleges that the employer required the employee to work in a dangerous condition that the employer was substantially certain to harm the employee. Thus, National Fire cannot rely upon exclusion V(O) to avoid coverage for the Simpsons' claim.

### FIRST CLAIM
### (Declaratory Relief)

5. As Intermet's assignee, the Simpsons ask the Court for a declaration that National Fire's policy covers their claim.

### SECOND CLAIM
### (Breach of Contract)

6. As Intermet's assignee, the Simpsons seek compensatory damages arising from National Fire's breach of its policy with Intermet.

### THIRD CLAIM
### (Bad Faith)

7. As Intermet's assignee, the Simpsons seek compensatory and punitive damages because National Fire denied coverage in bad faith without reasonable justification and with a conscious disregard for Intermet's and National Fire's financial interests despite a great probability of causing

substantial harm.

WHEREOFRE, Plaintiffs ask the Court for a judgment against Defendant, National Fire:

(a) declaring that Intermet's policy with National Fire covers the Simpsons' intentional tort claim against Intermet;

(b) awarding compensatory and punitive damages in an amount exceeding $75,000.00 for National Fire's bad faith breach of that policy; and

(c) such other relief as the law allows.

**Respectfully Submitted,**

LAMBERT, McWHORTER & BOWLING

/s/ D. Scott Bowling
D. SCOTT BOWLING (0067617)
ATTORNEY FOR PLAINTIFFS
215 SOUTH 4TH STREET
P. O. BOX 725
IRONTON, OH  45638
attys@cloh.net
740-532-4333
740-532-7341 fax