# COMMERCIAL UMBRELLA DECLARATIONS

## NATIONAL UNION FIRE INSURANCE COMPANY
## OF PITTSBURGH, PA.

A CAPITAL STOCK COMPANY

ADMINISTRATIVE OFFICES
70 PINE STREET, NEW YORK, N.Y.  10270-0150

**POLICY NUMBER:**    701 08 15                    **RENEWAL OF:**    346 26 01

**PRODUCER NAME:**    MARSH & MCLENNAN GLOBAL BROKING
**ADDRESS:**         1166 AVENUE OF THE AMERICAS
                     NEW YORK, NEW YORK 10036

**ITEM 1.**    **NAMED INSURED:**    **INTERMET CORPORATION**
              **ADDRESS:**          5445 CORPORATE DRIVE, SUITE 200
                                    TROY, MI  48098-2683

**ITEM 2.**    **POLICY PERIOD:**    **FROM:** NOVEMBER 1, 1998  **TO:**   NOVEMBER 1, 1999   AT
              12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED SHOWN ABOVE.

**ITEM 3. LIMITS OF INSURANCE:**

The Limits of Insurance, subject to all the terms of this policy, are:

| | | |
|---|---|---|
| A. | **$30,000,000** | Each Occurrence |
| B. | **$30,000,000** | General Aggregate (in accordance with Section III, Limits of Insurance) |
| C. | **$30,000,000** | Products-Completed Operations Aggregate (in accordance with Section III, Limits of Insurance) |
| D. | **$25,000** | Self Insured Retention |

**ITEM 4. PREMIUM COMPUTATION**

| ESTIMATED EXPOSURE | RATE/ PER | ADVANCE PREMIUM | MINIMUM PREMIUM |
|---|---|---|---|
| **N/A** | **FLAT** | **$71,598** | **$71,598** |

**ITEM 5.**    **ENDORSEMENTS ATTACHED:**    SEE ATTACHED SCHEDULE OF ENDORSEMENTS

COUNTERSIGNED _____        BY _____
              DATE                          AUTHORIZED REPRESENTATIVE

57696 (6/93)

EXHIBIT  *1*

**ISSUED TO:   INTERMET CORPORATION**                    **POLICY NO.:   701 08 15**

## SCHEDULE OF ENDORSEMENTS

**SCHEDULE UNDERLYING LIMITS**

**# 1.    EMPLOYEE BENEFITS LIABILITY FOLLOW FORM ENDORSEMENT**

**# 2.    GARAGE LIABILITY FOLLOW FORM ENDORSEMENT**

**# 3.    NURSES PROFESSIONAL LIABILITY FOLLOW FORM ENDORSEMENT**

**# 4.    PROFESSIONAL LIABILITY EXCLUSION ENDORSEMENT**

**# 5.    GENERAL AGGREGATE AMENDATORY ENDORSEMENT**

**# 6.    MICHIGAN AMENDATORY ENDORSEMENT**

**# 7.    UNINTENTINAL ERRORS & OMISSIONS ENDORSEMENT**

**# 8.    VERMONT UNINSURED MOTORISTS COVERAGE OPTION FORM**

**# 9.    TENNESSEE UNINSURED MOTORISTS COVERAGE OPTION FORM**

**# 10.    OHIO UNINSURED MOTORISTS COVERAGE OPTION FORM**

**# 11.    NEW HAMPSHIRE UNINSURED MOTORISTS COVERAGE OPTION FORM**

**# 12.    LOUISIANA UNINSURED MOTORISTS COVERAGE OPTION FORM**

**# 13.    FLORIDA UNINSURED MOTORISTS COVERAGE OPTIONS FORM**

**# 14.    NAMED INSURED ENDORSEMENT**

# SCHEDULE OF UNDERLYING INSURANCE

| TYPE OF COVERAGE | INSURER POLICY NUMBER POLICY PERIOD | LIMITS OF LIABILITY |
|---|---|---|
| COMMERCIAL GENERAL LIABILITY | FIDELITY & GUARANTY INS. CO./ ST. PAUL #SIR2000000301 11/01/98 - 11/01/99 | $2,000,000 GENERAL AGGREGATE $2,000,000 PRODUCTS/COMPLETED OPERATIONS AGGREGATE $1,000,000 PERSONAL AND ADVERTISING INJURY $1,000,000 EACH OCCURRENCE |
| EMPLOYEE BENEFITS | FIDELITY & GUARANTY INS. CO./ ST. PAUL #ICP300025147903 11/01/98 - 11/01/99 | $1,000,000 AGGREGATE $1,000,000 EACH CLAIM RETRO DATE: 12/31/88 |

**(COVERAGE SUBJECT TO SELF-INSURED RETENTION, $100,000 EACH OCCURRENCE, $500,000 AGGREGATE)**

| | | |
|---|---|---|
| GARAGE LIABILITY (AUTO) | FIDELITY & GUARANTY INS. CO./ ST. PAUL #SIR2000000301 11/01/98 - 11/01/99 | $1,000,000 EACH ACCIDENT (OTHER THAN AUTO $1,000,000 EACH ACCIDENT $2,000,000 AGGREGATE |

**(COVERAGE SUBJECT TO SELF-INSURED RETENTION, $100,000 EACH OCCURRENCE, $500,000 AGGREGATE)**

| | | |
|---|---|---|
| MASTER AUTOMOBILE LIABILITY | FIDELITY & GUARANTY INS. CO./ ST. PAUL #IC030025147903 11/01/98 - 11/01/99 | $1,000,000 COMBINED SINGLE LIMIT |
| AUTOMOBILE LIABILITY (VIRGINIA) | FIDELITY & GUARANTY INS. CO./ ST. PAUL #IAB30074777703 11/01/98 - 11/01/99 | $1,000,000 COMBINED SINGLE LIMIT |
| EMPLOYERS LIABILITY (INSURED PROGRAM) | LIBERTY MUTUAL FIRE #WA264D004228018 11/01/98 - 11/01/99 | $1,000,000 EACH ACCIDENT $1,000,000 POLICY LIMIT $1,000,000 EACH EMPLOYEE |

**(DEDUCTIBLE AMOUNT $250,000, SUBJECT TO AN AGGREGATE STOP OF $3,500,000)**

| | | |
|---|---|---|
| EMPLOYERS LIABILITY (EXCESS PROGRAM) | LIBERTY INSURANCE CORPORATION #EW7-64N-004228-038 11/01/98 - 11/01/99 | $1,000,000 (RETENTION AMOUNT OF $250,000) |

ISSUED TO:    INTERMET CORPORATION

POLICY NO.:    701 08 15

| TYPE OF COVERAGE | INSURER POLICY NUMBER POLICY PERIOD | LIMITS OF LIABILITY |
|---|---|---|

**INTERNATIONAL PACKAGE - DIFFERENCE IN CONDITIONS**

| | | |
|---|---|---|
| INTERNATIONAL GENERAL LIABILITY | GREAT NORTHERN INS. CO. #35272661 11/01/98 - 11/01/99 | $1,000,000 BI & PD PER OCC. $1,000,000 PRODUCTS/COMPLETED OPERATIONS AGGREGATE $1,000,000 PERSONAL & ADVERTISING INJURY $1,000,000 EMPLOYEE BENEFIT PROGRAMS NEGLIGENT ACTS, ERORS OR OMISSIONS AGGREGATE LIMIT |
| INTERNATIONAL AUTOMOBILE LIABILITY | GREAT NORTHERN INS. CO #35272661 11/01/98 - 11/01/99 | $1,000,000 BODILY INJURY & PROPERTY DAMAGE LIMIT |
| INTERNATIONAL EMPLOYERS LIABILITY | GREAT NORTHERN INS. CO #35272661 11/01/98 - 11/01/99 | $1,000000 EACH ACCIDENT $1,000,000 POLICY LIMIT $1,000,000 EACH EMPLOYEE |
| AIRCRAFT LIABILITY | UNITED STATES AVIATION UNDERWRITERS INC. #360AC-301881 11/01/98 - 11/01/99 | $10,000,000 |
| NURSES PROFESSIONAL LIABILITY | ST. PAUL #EM06676601 11/01/98 11/01/01 | $1,000,000 |

PAGE 2 OF 2

**ENDORSEMENT 1**

THIS ENDORSEMENT, EFFECTIVE          NOVEMBER 1, 1998                    FORMS A PART OF

POLICY NO.:     701 08 15                          ISSUED TO      INTERMET CORPORATION

BY:     NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## EMPLOYEE BENEFITS LIABILITY FOLLOW-FORM ENDORSEMENT
### (CLAIMS MADE VERSION)

## PROVIDES CLAIMS MADE COVERAGE – PLEASE READ CAREFULLY

This insurance does not apply to **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** arising out of any negligent act, error or omission of the **Insured** or of any other person for whom the **Insured** is legally liable in the administration of the **Insured's** Employee Benefit Programs as defined herein.

However, if insurance for such **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** is provided by a policy listed in the Schedule of Underlying Insurance:

1.    This exclusion shall not apply; and

2.    The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance; and

3.    Solely as respects this endorsement, we will only provide coverage for a claim made against the **Insured** during our policy period.

If the insurance provided by the policy listed in the Schedule of Underlying Insurance provides coverage for **Occurrences** occurring on or after a specified Retroactive Date or for claims made during an Extended Reporting Period, the insurance provided by our policy will also provide such coverage.

For the purposes of this endorsement, the following definitions apply:

1.    **Employee Benefit Programs** shall mean Group Life Insurance, Group Accident or Health Insurance, Pension Plans, Employee Stock Subscription Plans, Worker's Compensation, Unemployment Insurance, Social Security and Disability Benefits.

**57826 (06/93)**

2.    **Administration** shall mean:

    **A.**    Giving counsel to employees with respect to Employee Benefits Programs;

    **B.**    Interpreting Employee Benefits Programs;

    **C.**    Handling of records in connection with Employee Benefits Programs; or

    **D.**    Effecting enrollment of employees under Employee Benefit Programs;

Provided all such acts are authorized by you.

All other terms and conditions of this policy shall remain unchanged.

_____
**Authorized Representative**

**57826 (06/93)**

Page 2 of 2

**ENDORSEMENT 3**

**THIS ENDORSEMENT, EFFECTIVE**    NOVEMBER 1, 1998    **FORMS A PART OF**

**POLICY NO.:**    701 08 15    **ISSUED TO**    INTERMET CORPORATION

**BY:**    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

## FOLLOW-FORM ENDORSEMENT

This insurance does not apply to **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** arising out of:

### NURSES PROFESSIONAL LIABILITY

However, if insurance for such **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** is provided by a policy listed in the Schedule of Underlying Insurance:

1. This exclusion shall not apply; and

2. The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

All other terms and conditions of this policy remain unchanged.

Authorized Representative

60427 (5/94)

## ENDORSEMENT 4

**THIS ENDORSEMENT, EFFECTIVE**    NOVEMBER 1, 1998    **FORMS A PART OF**

**POLICY NO.:**    701 08 15    **ISSUED TO**    INTERMET CORPORATION

**BY:**    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

## PROFESSIONAL LIABILITY EXCLUSION

This insurance does not apply to **Bodily Injury**, **Property Damage**, **Personal Injury** or **Advertising Injury** arising out of any act, error, omission, malpractice or mistake of a professional nature committed by the **Insured** or any person for whom the **Insured** is legally responsible

All other terms and conditions of this policy remain unchanged.

---
Authorized Representative

## ENDORSEMENT 5

**THIS ENDORSEMENT, EFFECTIVE**      NOVEMBER 1, 1998      **FORMS A PART OF**

**POLICY NO.:**    701 08 15      **ISSUED TO**      INTERMET CORPORATION

**BY:**    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### GENERAL AGGREGATE AMENDATORY ENDORSEMENT

Our General Aggregate limit of Insurance shown in Item 3B of the Declarations applies separately in excess of each General Aggregate limit provided by the policy or policies listed in the Schedule of Underlying Insurance.

All other terms and conditions of this policy shall remain unchanged.

 

_____

Authorized Representative

## ENDORSEMENT 6

THIS ENDORSEMENT, EFFECTIVE     NOVEMBER 1, 1998     **FORMS A PART OF**

POLICY NO.:   701 08 15         **ISSUED TO**     INTERMET CORPORATION

BY:   **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### MICHIGAN AMENDATORY ENDORSEMENT

In Paragraph B of Section II, Defense, Subparagraph 2. d. is hereby deleted in its entirety and replaced by the following:

2. d.    pre-judgment interest awarded against the Insured on that part of the judgement we pay;

In Section VI, Conditions, Condition D, Cancellation, is hereby deleted in its entirety and replaced by the following:

D.    Cancellation

    1.    You may cancel this policy at any time, in which case we shall refund the excess of paid premium or assessment above the pro rata rates for the expired time.

    2.    We may cancel this policy. If we cancel for non-payment of premium, we must mail to you at your address last known to us or an authorized agent of ours, with postage fully prepaid, no less than ten (10) days advance written notice stating when the cancellation is to take effect. If we cancel for any other reason, we must mail to you at your address last known to us or an authorized agent of ours, with postage fully prepaid, not less than ninety (90) days advance written notice stating when the cancellation is to take effect.

    3.    The policy period will end on the day and hour stated in the cancellation notice.

    4.    Final premium shall not be less than the pro rata premium for the expired time or $25.00, whichever is greater.

    5.    Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time. The excess, if not tendered, shall be refunded on demand. Our check or our representative's check, mailed or delivered, shall be sufficient tender of any refund due you.

6.   The first Named Insured in Item 1 of the Declarations shall act on behalf of all other Insureds with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

In Section VI, Conditions, Paragraph 2. of Condition F, Duties In The Event Of An Occurrence, Claim or Suit, is hereby deleted in its entirety and replaced by the following:

F. 2.   If a claim is made or suit is brought against any Insured that is reasonably likely to involve this policy, you must notify us or an authorized agent of ours as soon as practicable.

In Section VI, Conditions, Condition J, Other Insurance, is hereby deleted in its entirety and replaced by the following:

J.   Other Insurance

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply on an equal basis with such other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

In Section VI, Conditions, Condition L, Prior Insurance, is hereby deleted in its entirety.

All other terms and conditions of this policy remain unchanged.

_____
Authorized Representative

## ENDORSEMENT 7

**THIS ENDORSEMENT, EFFECTIVE**     NOVEMBER 1, 1998     **FORMS A PART OF**

**POLICY NO.:**   701 08 15     **ISSUED TO**   INTERMET CORPORATION

**BY:**   **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

## UNINTENTIONAL ERRORS OR OMISSIONS ENDORSEMENT

Your failure to disclose all hazards existing as of the inception date of the policy shall not prejudice you with respect to the coverage afforded by this policy provided such failure or any omission is not intentional.

All other terms and conditions of this policy remain unchanged.

62222 (3/95)                                              Authorized Representative

## ENDORSEMENT 8

**THIS ENDORSEMENT, EFFECTIVE**　　　NOVEMBER 1, 1998　　　　　**FORMS A PART OF**

**POLICY NO.:**　　701 08 15　　　　　**ISSUED TO**　　INTERMET CORPORATION

**BY:**　　**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### VERMONT UNINSURED MOTORISTS COVERAGE*

Exclusion **V** Item **C** of this policy is hereby deleted in its entirety and replaced by the following:

Any obligation of the Insured under a "No-Fault" law.

It is further agreed that this insurance does not apply to Uninsured Motorists Coverage unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying insurance.

### OPTION FORM

I.　　In keeping with the provisions of the laws of my state, I have been offered the opportunity to:

　　.1.　　Elect a limit of Uninsured Motorists coverage which is equal to the Limits of Insurance on this policy.

　　2.　　Elect a limit of Uninsured Motorists coverage which is lower than the Limits of Insurance on this policy.

II.　　I hereby indicate my choice below. (1 or 2)

　　In order to consider Uninsured Motorists coverage for this policy, the Bodily Injury Uninsured Motorists and Liability limits of your primary policy must be equal. The same applies to Property Damage but only if Uninsured Motorists Property Damage is included under state law and only if increased limits for Uninsured Motorists Property Damage are available.

　　　　1.　[　]　　Coverage desired at a limit equal to the Limits of Insurance.

　　　　2.　[　]　　Coverage desired at a limit lower than the Limits of Insurance as indicated below:

　　　　　　LIMIT OPTIONS: $_____

*The term Uninsured Motorists includes Underinsured Motorists when and to the extent provided by the primary policy.

For any change in coverage or limit, please notify us or your agent in writing.

_____
Signature of Applicant or Named Insured　/ Date

_____
**Authorized Representative**

62727  (5/95)

## ENDORSEMENT 10

| | | |
|---|---|---|
| **THIS ENDORSEMENT, EFFECTIVE** | NOVEMBER 1, 1998 | **FORMS A PART OF** |

**POLICY NO.:**    701 08 15    **ISSUED TO**    INTERMET CORPORATION

**BY:**    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### OHIO UNINSURED MOTORISTS COVERAGE*

### OPTION FORM

I.    In keeping with the provisions of the laws of my state, I have been offered the opportunity to:

1.    Elect a limit of Uninsured Motorists coverage which is equal to the Limits of Insurance on this policy.

2.    Elect a limit of Uninsured Motorists coverage which is lower than the Limits of Insurance on this policy.

3.    Completely reject Uninsured Motorists coverage on this policy.

II.    I hereby indicate my choice below. (1,2 or 3)

In order to consider Uninsured Motorists coverage for this policy, the Bodily Injury Uninsured Motorists and Liability limits of your primary policy must be equal. The same applies to Property Damage but only if Uninsured Motorists Property Damage is included under state law and only if increased limits for Uninsured Motorists Property Damage are available.

1.    [   ]    Coverage desired at a limit equal to the Limits of Insurance.

2.    [   ]    Coverage desired at a limit lower than the Limits of Insurance as indicated below:

LIMIT OPTIONS: $_____

3.    [   ]    Uninsured Motorists coverage rejected in its entirety for Bodily Injury and Property Damage. This rejection shall be binding upon every Insured and shall apply to this policy and to all renewal or policy replacements.

*The term Uninsured Motorists includes Underinsured Motorists when and to the extent provided by the primary policy.

For any change in coverage or limit, please notify us or your agent in writing.

_____
Signature of Applicant or **Named Insured    / Date**

It is agreed that if the Insured has chosen to elect Uninsured Motorists coverage, section    , Exclusions, Exclusion is hereby deleted in its entirety and replaced by the following:

.    Any obligations of the Insured under a "No-Fault" law.

It is further agreed that this insurance does not apply to Uninsured Motorists coverage unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying policies.

All other terms and conditions of this policy remain unchanged.

_____
Authorized Representative

62725 (12/93)

## ENDORSEMENT 11

**THIS ENDORSEMENT, EFFECTIVE**      NOVEMBER 1, 1998      **FORMS A PART OF**

**POLICY NO.:**   701 08 15      **ISSUED TO**   INTERMET CORPORATION

**BY:**   **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### NEW HAMPSHIRE UNINSURED MOTORISTS COVERAGE*
### OPTION FORM

I.      In keeping with the provisions of the laws of my state, I have been offered the opportunity to:

1.      Elect a limit of coverage which is equal to the Limits of Insurance on this policy.

2.      Completely reject Uninsured Motorists coverage on this policy.

II.      I hereby indicate my choice below.

In order to consider Uninsured Motorists coverage for this policy, the **Bodily Injury** Uninsured Motorists and Liability limits of your primary policy must be equal. The same applies to **Property Damage** but only if Uninsured Motorists **Property Damage** is included under state law and only if increased limits for Uninsured Motorists **Property Damage** are available.

1.   [   ]      Coverage desired at a limit equal to the Limits of Insurance.

2.   [   ]      Uninsured Motorists coverage rejected in its entirety for **Bodily Injury** and **Property Damage**. This rejection shall be binding upon every Insured and shall apply to this policy and to all renewal or policy replacements.

*The term Uninsured Motorists includes Underinsured Motorists when and to the extent provided by the primary policy.

For any change in coverage or limit, please notify us or your agent in writing.

_____

Signature of Applicant or **Named Insured**

_____

Date

It is agreed that if the Insured has chosen to elect Uninsured Motorists coverage, section V, Exclusions, Exclusion C is hereby deleted in its entirety and replaced by the following:

C.      Any obligations of the **Insured** under a "No-Fault" law.

It is further agreed that this insurance does not apply to Uninsured Motorists coverage unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying policies.

All other terms and conditions of this policy remain unchanged.

_____

**AUTHORIZED REPRESENTATIVE**

62413 (4/95)

## ENDORSEMENT 12

**THIS ENDORSEMENT, EFFECTIVE**          NOVEMBER 1, 1998                    **FORMS A PART OF**

**POLICY NO.:**    701 08 15                    **ISSUED TO**      INTERMET CORPORATION

**BY:**    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### LOUISIANA UNINSURED MOTORISTS COVERAGE*
### OPTION FORM

I.     The law requires us to issue your policy with Uninsured Motorist Coverage with limits equal to those provided in your **Bodily Injury** liability policy, unless you reject Uninsured Motorist Coverage in writing or select lower coverage limits.

This requirement affects all types of motor vehicles designed for use on public highways   and required to be registered whether private passenger or commercial.

II.     Indicate your choice below.

In order to consider Uninsured Motorists coverage for this policy, the **Bodily Injury** Uninsured Motorists and Liability limits of your primary policy must be equal. The same applies to **Property Damage** but only if Uninsured Motorists **Property Damage** is included under state law and only if increased limits for Uninsured Motorists **Property Damage** are available.

    1.    [   ] Coverage desired at a limit equal to the **Bodily Injury** Limits of Insurance.

    2.    [   ] Coverage desired at a limit lower than the **Bodily Injury** Limits of Insurance as noted below:

           $_____

    3.    [   ] Uninsured Motorists coverage rejected in its entirety for **Bodily Injury** and **Property Damage.** This rejection shall be binding upon every Insured and shall apply to this policy and to all renewal or policy replacements.

*The term Uninsured Motorists includes Underinsured Motorists when and to the extent provided by the primary policy.

For any change in coverage or limit, please notify us or your agent in writing.

                       _____
                       Signature of Applicant or **Named Insured/** Date

If the **Insured** has chosen to elect Uninsured Motorists coverage, it is agreed that Section V, Exclusions, Exclusion C is hereby deleted in its entirety and replaced by the following:

C.     Any obligations of the **Insured** under a "No-Fault" law.

It is further agreed that this insurance does not apply to Uninsured Motorists coverage unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying policies.

All other terms and conditions of this policy remain unchanged.

                       _____
                       **AUTHORIZED REPRESENTATIVE**

62412 (4/95)

## ENDORSEMENT 13

**THIS ENDORSEMENT, EFFECTIVE**    NOVEMBER 1, 1998    **FORMS A PART OF**

**POLICY NO.:**    701 08 15    **ISSUED TO**    INTERMET CORPORATION

**BY:**    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### <u>FLORIDA UNINSURED MOTORISTS COVERAGE*</u>

### OPTIONS FORM

YOU MAY BE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY, OR YOU ARE PURCHASING UNINSURED MOTORIST LIMITS LESS THAN YOUR BODILY INJURY LIABILITY LIMITS WHEN YOU SIGN THIS FORM. PLEASE READ CAREFULLY.

Uninsured Motorist coverage provides for payment of certain benefits for damages caused by owners or operators of uninsured motor vehicle because of **Bodily Injury** or death resulting therefrom. Such benefits may include payments for certain medical expenses, lost wages, and pain and suffering, subject to limitations and conditions contained in the policy. For the purpose of this coverage, an uninsured motor vehicle may include a motor vehicle as to which the **Bodily Injury** limits are less than your damages.

Florida law requires that automobile liability policies include Uninsured Motorist coverage at limits equal to the **Bodily Injury** Liability limits in your policy unless you select a lower limit offered by the Company, or reject Uninsured Motorist entirely.

Please indicate whether you desire to entirely reject Uninsured Motorist coverage, to choose this coverage at limits lower than the **Bodily Injury** Liability limits of your policy or to choose this coverage at the **Bodily Injury** Liability limits of your policy:

      [ ] a. Uninsured Motorist coverage is hereby rejected.

      [ ] b. Uninsured Motorist coverage with limits of $_____,
           which are lower than my **Bodily Injury** Liability limits, has been selected.

      [ ] c. Uninsured Motorist coverage at my **Bodily Injury** Liability limits
          has been selected.

Please note that in order to consider Uninsured Motorists coverage for this policy, the **Bodily Injury** Uninsured Motorists and Liability limits of your primary policy must be equal. The same applies to **Property Damage** but only if Uninsured Motorists **Property Damage** is included under state law and only if increased limits for Uninsured Motorists **Property Damage** are available.

You understand and agree that selection of one of the above options applies to your liability insurance policy and future renewals or replacements of such policy which are issued at the same **Bodily Injury** Liability limits. If you decide to select another option at some future time, you must let the Company or your agent know in writing.

⁑ The term Uninsured Motorist includes Underinsured Motorist when and to the extent provided by the primary policy.

Signed:
(Applicant or **Named Insured**)

Date:

If the **Insured** has chosen to elect Uninsured Motorists coverage, it is agreed that Section V, Exclusions, Exclusion C, is hereby deleted in its entirety and replaced by the following:

C.       Any obligations of the **Insured** under a "No-Fault" law.

It is further agreed that this insurance does not apply to Uninsured Motorists coverage unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying policies.

All other terms and conditions of this policy remain unchanged.

_____
Authorized Representative

## ENDORSEMENT 14

**THIS ENDORSEMENT, EFFECTIVE**          NOVEMBER 1, 1998          **FORMS A PART OF**

**POLICY NO.:**    701 08 15                **ISSUED TO**    INTERMET CORPORATION

**BY:**    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

## NAMED INSURED ENDORSEMENT

Intermet Corporation and including any subsidiary corporations thereof, of any tier, as now in the past, or hereafter constituted and any other legal entities in which the Named Insured has more than fifty percent ownership or in which he Named Insured exercises management or financial control, including but not limited to the following:

Interment Foundries
Columbus Foundries, Inc.
Columbus Neunkirchen foundry GmbH (Neunkirchen)
Lynchburg Foundry Co. - Radford Shell
Northern Castings Corporation
Lynchburg Foundry Co. - Archer Creek
New River Castings Co.
Intermet - Comalco
Ironton Iron, Inc.
Aluminum Castings
Intermet - Aluminum, Inc.
Inermet - Machining, Inc. (CPM)
Alexander City Casting Co.
Sudbury, Inc.
Wagner Castings Company
Wagner Havana, Inc.
Cast-Matic Corporation
Cast-Matic of Texas, Inc.
Frisby P.M.C., Incorporated (fka Frisby Mfg. Co.)
Iowa Mold Tooling Co., Inc.
IMT Cranes Canada Ltd.
Transnational Indemnity Co.

Including the following divested/discontinued operations:

Industrial Powder Coatings Inc.
Industrial Powder Coatings de Mexico, S.A. de C.V.
InterMotive Technologies, Inc.
PBM Industries
AI Liquidating Company (fka Accurate Industries, Inc.)
AIL Liquidating Company (fka Accurate Industries, Inc. of Louisiana)
Arlington Metal Fabricating, Inc. (fka Galbreath Escott, Inc.)
Carsonville Company (fka Midwest Rubber Company)
CIP Holdings, Inc.
E-W Mold & Tool Co.
Hanover Took Co. (fxa Schrader Machine & Tool Co., Inc.)

Homer Products Company (fka J. Miller Company)
Howard Capital Corporation
Marine City Gear, Inc. (fka Baker Mfg., Inc.)
Michigan City Fabricating Inc. (fka Bobko Ind., Inc.)
Platt Manufacturing Corp.
Randolph Capital Corporation
Reef-Baker Corporation
Richmond Gear, Inc. (fka Arro Manufacturing, Inc.)
RD&D Corp.
Schoolcraft Precision, Inc. (fka Maro, Inc.)
South Coast Terminal, Inc.
Pacer Lubricants (Division of South Coast Terminals, Inc.)
Sud Corp I (fka American Metal Products Corp.)
Sud Gear, Inc. (fka Reef-Gear Mfg., Inc.)
Sudbury Sales Corporation
SDB, Inc.
TransPlastics, Inc.
ZAP Investment Company
Wagner Laser technologies
Wagner Laser Corporation
Western Capital Corporation
Winamac, Inc. (fka Galbreath Incorporated)

All other terms and conditions of this policy remain unchanged.

_____
Authorized Representative

Page 2 of 2

## Commercial Umbrella Policy Form

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the **Named Insured** as defined in Insuring Agreement IV, Definitions. The words "we", "us" and "our" refer to the Company providing this insurance. The word "**Insured**" means any person or organization qualifying as such in Insuring Agreement IV, Definitions.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations we agree with you to provide coverage as follows:

### Insuring Agreements

**I.    Coverage**

We will pay on behalf of the **Insured** those sums in excess of the Retained Limit that the **Insured** becomes legally obligated to pay by reason of liability imposed by law or assumed by the **Insured** under an **Insured Contract** because of **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** that takes place during the Policy Period and is caused by an **Occurrence** happening anywhere in the world. The amount we will pay for damages is limited as described in Insuring Agreement III, Limits of Insurance.

If we are prevented by law or statute from paying on behalf of the **Insured**, then we will, where permitted by law or statute, indemnify the **Insured** for those sums in excess of the Retained Limit.

**II.    Defense**

    **A.**    We shall have the right and duty to defend any claim or **suit** seeking damages covered by the terms and conditions of this policy when:

        **1.**    The applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other underlying insurance providing coverage to the **Insured** have been exhausted by payment of claims to which this policy applies; or

        **2.**    Damages are sought for **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** covered by this policy but not covered by any underlying insurance listed in the Schedule of Underlying Insurance or any other underlying insurance providing coverage to the **Insured**.

    **B.**    When we assume the defense of any claim or suit:

        **1.**    We will defend any suit against the **Insured** seeking damages on account of **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** even if such suit is groundless, false or fraudulent, but we have the right to investigate, defend and settle the claim as we deem expedient.

        **2.**    We will pay the following, to the extent that they are not included in the underlying policies listed in the Schedule of Underlying Insurance or in any other insurance providing coverage to the **Insured**:

            **a.**    premiums on bonds to release attachments for amounts not exceeding our Limits of Insurance, but we are not obligated to apply for or furnish any such bond;

            **b.**    premiums on appeal bonds required by law to appeal any claim or **suit** we defend, but we are not obligated to apply for or furnish any such bond;

            **c.**    all costs taxed against the **Insured** in any claim or **suit** we defend;

**(1)**

57697 (6 93)

    **d.**    pre-judgment interest awarded against the **Insured** on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any pre-judgment interest based on that period of time after the offer;

    **e.**    all interest that accrues after entry of judgment and before we have paid, offered to pay or deposited in court the part of the judgment that is within our applicable Limit of Insurance;

    **f.**    the **Insured's** expenses incurred at our request.

We will not defend any **suit** or claim after our applicable Limits of Insurance have been exhausted by payment of judgments or settlements.

All expenses we incur in the defense of any **suit** or claim are in addition to our Limits of Insurance.

**C.**    In all other instances except A. above, we will not be obligated to assume charge of the investigation, settlement or defense of any claim made, **suit** brought or proceeding instituted against the **Insured**. We will, however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, **suits** or proceedings relative to any **Occurrence** which, in our opinion, may create liability on our part under the terms of this policy. If we exercise such right, we will do so at our own expense.

## III.   Limits of Insurance

**A.**    The Limits of Insurance shown in Item 3 of the Declarations and the rules below state the most we will pay regardless of the number of:

    **1.**    **Insureds;**

    **2.**    Claims made or **suits** brought; or

    **3.**    Persons or organizations making claims or bringing **suits.**

**B.**    The General Aggregate Limit is the most we will pay for all damages covered under Insuring Agreement I except:

    **1.**    Damages included in the **Products-Completed Operations Hazard;** and

    **2.**    Coverages included in the policies listed in the Schedule of Underlying Insurance to which no underlying aggregate limit applies.

**C.**    The Products-Completed Operations Aggregate Limit is the most we will pay for all damages included in the **Products-Completed Operations Hazard.**

**D.**    Subject to B. and C. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of damages covered under Insuring Agreement I because of all **Bodily Injury, Property Damage, Personal Injury** and **Advertising Injury** arising out of any one Occurrence.

If the applicable limits of insurance of the policies listed in the Schedule of Underlying Insurance or of other insurance providing coverage to the **Insured** are reduced or exhausted by payment of one or more claims that would be insured by our policy we will:

    **1.**    In the event of reduction, pay in excess of the reduced underlying limits of insurance; or

    **2.**    In the event of exhaustion of the underlying limits of insurance, continue in force as underlying insurance.

The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance

57697 (6 93)

E.    Retained Limit

We will be liable only for that portion of damages in excess of the **Insured's** Retained Limit which is defined as the greater of either:

1.    The total of the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other underlying insurance providing coverage to the **Insured; or**

2.    The amount stated in the Declarations as Self Insured Retention as a result of any one **Occurrence** not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other underlying insurance providing coverage to the **Insured;**

and then up to an amount not exceeding the Each Occurrence Limit as stated in the Declarations.

## IV.    Definitions

A.    **Advertising Injury** means injury arising solely out of your advertising activities as a result of one or more of the following offenses:

1.    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

2.    Oral or written publication of material that violates a person's right of privacy;

3.    Misappropriation of advertising ideas or style of doing business: or

4.    Infringement of copyright, title or slogan.

B.    **Auto** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But **auto** does not include **mobile equipment.**

C.    **Bodily Injury** means bodily injury, sickness, disability or disease. **Bodily Injury** shall also mean mental injury, mental anguish, humiliation, shock or death if directly resulting from bodily injury, sickness, disability or disease.

D.    **Impaired Property** means tangible property, other than **Your Product** or **Your Work**, that cannot be used or is less useful because:

1.    It incorporates **Your Product** or **Your Work** that is known or thought to be defective, deficient, inadequate or dangerous: or

2.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

1.    The repair, replacement, adjustment or removal of **Your Product** or **Your Work;** or

2.    Your fulfilling the terms of the contract or agreement.

E.    **Insured** means each of the following, to the extent set forth:

1.    The **Named Insured**, meaning:

a.    any person or organization listed in Item 1 of the Declarations. and any company that is your subsidiary as of the effective date of this policy and any company you own or control as of the effective date of this policy; and

b.    any organization newly acquired, controlled or formed by you during the policy period but only:

57697 (6·93)

1)  as respects **Occurrences** taking place after you acquire, take control or form such organization;

2)  if such organization is included under the coverage provided by the policies listed in the Schedule of Underlying Insurance; and

3)  if you give us prompt notice after you acquire, take control or form such organization.

We may make an additional premium charge for any additional organizations you acquire, form or take control of during the period of this policy.

2.  If you are an individual, you and your spouse, but only with respect to the conduct of a business of which you are the sole owner.

3.  If you are a partnership or joint venture, the partners or members and their spouses but only as respects the conduct of your business.

No person or organization is an **Insured** with respect to the conduct of any current or past partnership or joint venture that is not shown as a **Named Insured** in the Declarations.

4.  Any person or organization, other than the **Named Insured**, included as an additional insured in the policies listed in the Schedule of Underlying Insurance but not for broader coverage than is available to such person or organization under such underlying policies.

5.  Any of your partners, executive officers, directors, stockholders or employees but only while acting within their duties.

However, the coverage granted by this provision 5. does not apply to the ownership, maintenance, use, loading or unloading of any **autos**, aircraft or watercraft unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying policies.

6.  Any person, other than one of your employees, or organization while acting as your real estate manager.

7.  Any person, organization, trustee or estate to whom you are obligated by a written **Insured Contract** to provide insurance such as is afforded by this policy but only with respect to:

a.  liability arising out of operations conducted by you or on your behalf; or

b.  facilities owned or used by you.

8.  Any person (other than your partners, executive officers, directors, stockholders or employees) or organization with respect to any **auto** owned by you, loaned to you or hired by you or on your behalf and used with your permission.

However, the coverage granted by this provision 8. does not apply to any person using an **auto** while working in a business that sells, services, repairs or parks **autos** unless you are in that business.

F.  **Insured Contract** means any oral or written contract or agreement entered into by you and pertaining to your business under which you assume the tort liability of another party to pay for **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

G.  **Mobile Equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

1.  Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2.  Vehicles maintained for use solely on or next to premises you own or rent;

(4)

57697 (6 93)

3.  Vehicles that travel on crawler treads;

4.  Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

    a.  power cranes, shovels, loaders, diggers or drills; or

    b.  road construction or resurfacing equipment such as graders, scrapers or rollers;

5.  Vehicles not described in 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    a.  air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

    b.  cherry pickers and similar devices used to raise or lower workers;

6.  Vehicles not described in 1., 2., 3., or 4. above maintained primarily for purposes other than the transportation of persons or cargo.

    However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos:**

    a.  equipment designed primarily for:

        1)  snow removal;

        2)  road maintenance, but not construction or resurfacing; or

        3)  street cleaning;

    b.  cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    c.  air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

H.  **Occurrence** means:

1.  As respects **Bodily Injury** or **Property Damage,** an accident, including continuous or repeated exposure to conditions, which results in **Bodily Injury** or **Property Damage** neither expected nor intended from the standpoint of the **Insured.** All such exposure to substantially the same general conditions shall be considered as arising out of one **Occurrence.**

2.  As respects **Personal Injury,** an offense arising out of your business that results in **Personal Injury.** All damages that arise from the same or related injurious material or act shall be considered as arising out of one **Occurrence,** regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants; and

3.  As respects **Advertising Injury,** an offense committed in the course of advertising your goods, products and services that results in **Advertising Injury.** All damages that arise from the same or related injurious material or act shall be considered as arising out of one **Occurrence,** regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

I.  **Personal Injury** means injury other than **Bodily Injury** or **Advertising Injury** arising out of one or more of the following offenses:

1.  False arrest, detention or imprisonment;

2.  Malicious prosecution;

3.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

**(5)**

57697 (6-93)

4.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

5.  Oral or written publication of material that violates a person's right of privacy.

J. 1.  **Products-Completed Operations Hazard** includes all **Bodily Injury** and **Property Damage** occurring away from premises you own or rent and arising out of **Your Product** or **Your Work** except:

    **a.**  products that are still in your physical possession; or

    **b.**  work that has not yet been completed or abandoned.

2.  **Your Work** will be deemed completed at the earliest of the following times:

    **a.**  When all of the work called for in your contract has been completed.

    **b.**  When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

    **c.**  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

3.  This hazard does not include **Bodily Injury** or **Property Damage** arising out of:

    **a.**  the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the loading or unloading of it;

    **b.**  the existence of tools, uninstalled equipment or abandoned or unused materials.

K.  **Property Damage** means:

1.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

2.  Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the **Occurrence** that caused it.

L.  **Suit** means a civil proceeding in which **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** to which this insurance applies is alleged. **Suit** includes:

1.  An arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

2.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

M.  **Your Product** means:

1.  Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    **a.**  you;

    **b.**  others trading under your name; or

    **c.**  a person or organization whose business or assets you have acquired; and

**(6)**

57697 (6/93)

     **2.**    Containers (other than vehicles) materials, parts or equipment furnished in connection with such goods or products.

**Your Product** includes:

     **1.**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Product;** and

     **2.**    The providing of or failure to provide warnings or instructions.

**Your Product** does not include vending machines or other property rented to or located for the use of others but not sold.

**N.**    **Your Work** means:

     **1.**    Work or operations performed by you or on your behalf; and

     **2.**    Materials, parts or equipment furnished in connection with such work or operations.

**O.**    **Your Work** includes:

     **1.**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Work;** and

     **2.**    The providing of or failure to provide warnings or instructions.

**V.**    **Exclusions**

This insurance does not apply to:

**A.**    Any obligation of the **Insured** under a Workers Compensation, Unemployment Compensation or Disability Benefits Law, or under any similar law.

**B.**    Any obligation of the **Insured** under the Employees' Retirement Income Security Act of 1974 or any amendments to that act.

**C.**    Any obligation of the **Insured** under a "No Fault", "Uninsured Motorist" or "Underinsured Motorist" law.

**D.**    **Property Damage** to :

     **1.**    Property you own, rent, occupy or use;

     **2.**    Personal property in the care, custody or control of the **Insured**.

**E.**    **Property Damage** to **Impaired Property** or property that has not been physically injured, arising out of:

     **1.**    A defect, deficiency, inadequacy or dangerous condition in **Your Product** or **Your Work;** or

     **2.**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **Your Product** or **Your Work** after it has been put to its intended use.

**F.**    **Property Damage** to **Your Product** arising out of it or any part of it.

**G.**    **Property Damage** to **Your Work** arising out of it or any part of it and included in the **Products-Completed Operations Hazard.**

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**(7)**

**H.** Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

1. **Your Product;**

2. **Your Work;** or

3. **Impaired Property**

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**I.** Liability of any employee with respect to **Bodily Injury** or **Personal Injury** to another employee of the same employer injured in the course of such employment.

However, if insurance for such liability is provided by a policy listed in the Schedule of Underlying Insurance:

1. This exclusion shall not apply; and

2. The insurance provided by our policy will not be broader than the insurance coverage provided to the employee by the policy listed in the Schedule of Underlying Insurance.

**J.** **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft or any aircraft owned by the **Insured** or rented to the **Insured** without a crew.

However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:

1. This exclusion shall not apply; and

2. The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

**K.** **Personal Injury** or **Advertising Injury:**

1. Arising out of oral or written publication of material, if done by or at the direction of the **Insured** with knowledge of its falsity;

2. Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

3. Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the **Insured;** or

4. For which the **Insured** has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the **Insured** would have in the absence of the contract or agreement.

**L.** **Advertising Injury** arising out of:

1. Breach of contract, other than misappropriation of advertising ideas under an implied contract;

2. The failure of goods, products or services to conform with advertised quality or performance;

3. The wrong description of the price of goods, products or services; or

4. An offense committed by an **Insured** whose business is advertising, broadcasting, publishing or telecasting.

57697 (6 93)

**M.  1.  Bodily Injury, Property Damage** or **Personal Injury** arising out of the actual or threatened discharge, dispersal, seepage, migration, release or escape of pollutants anywhere in the world;

  2.  Any loss, cost or expense arising out of any governmental direction or request that we, the **Insured** or any other person or organization test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize or assess the effects of pollutants; or

  3.  Any loss, cost, or expense, including but not limited to costs of investigation or attorneys' fees, incurred by a governmental unit or any other person or organization to test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize pollutants.

This exclusion M. shall not apply to **Bodily Injury, Property Damage** or **Personal Injury** arising out of:

  a.  Heat, smoke or fumes from a hostile fire;

  b.  The upset, overturn or collision of a motor vehicle; or

  c.  The **Products-Completed Operations Hazard**;

if insurance for such **Bodily Injury, Property Damage** or **Personal Injury** is provided by a policy listed in the Schedule of Underlying Insurance. However, the insurance provided by our policy for such **Bodily Injury, Property Damage** or **Personal Injury** will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

As used in this exclusion:

  a.  Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste material. Waste material includes materials which are intended to be or have been recycled, reconditioned or reclaimed;

  b.  A hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

**N.**  **Bodily Injury** or **Property Damage** due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**O.**  **Bodily Injury** or **Property Damage** expected or intended from the standpoint of the **Insured**.

However, this exclusion does not apply to **Bodily Injury** resulting from the use of reasonable force to protect persons or property.

**P.  1.  Bodily Injury, Property Damage** or **Personal Injury** arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust;

  2.  Any obligation of the **Insured** to indemnify any party because of damages arising out of such **Bodily Injury, Property Damage** or **Personal Injury** as a result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust; or

  3.  Any obligation to defend any **suit** or claim against the **Insured** alleging **Bodily Injury, Property Damage** or **Personal Injury** and seeking damages, if such **suit** or claim arises from **Bodily Injury, Property Damage** or **Personal Injury** as a result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust.

57697 (6/93)

**Q.**   **Bodily Injury** or **Personal Injury** to:

    **1.**   A person arising out of any:

        **a.**   Refusal to employ that person;

        **b.**   Termination of that person's employment; or

        **c.**   Employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

    **2.**   The spouse, child, parent, brother or sister of that person as a consequence of **Bodily Injury** or **Personal Injury** to that person at whom any of the employment-related practices described in paragraph a., b. or c. above is directed.

This exclusion applies:

    **1.**   Whether the **Insured** may be liable as an employer or in any other capacity; and

    **2.**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**R.**   **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** arising out of or by reason of:

    **1.**   The purchase, sale, offer of sale, or solicitation of any security, debt, bank deposit or financial interest or instrument;

    **2.**   Any representations made at any time in relation to the price or value of any security, debt, bank deposit or financial interest or instrument; or

    **3.**   Any depreciation or decline in price or value of any security, debt, bank deposit or financial interest or instrument.

**S.**   **Bodily Injury** or **Property Damage** for which any **Insured** may be held liable by reason of:

    **1.**   Causing or contributing to the intoxication of any person;

    **2.**   The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

    **3.**   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:

    **1.**   This exclusion shall not apply; and

    **2.**   The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

**T.**   **Bodily Injury** or **Property Damage:**

    **1. a.**   with respect to which the **Insured** is also an Insured under a nuclear energy liability policy issued by the Nuclear Energy Liability-Property Insurance Assoc., Mutual Atomic Energy Liability Underwriters or the Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

**(10)**

**1. b.**  resulting from the hazardous properties of nuclear material and with respect to which (1) any person or any organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, (2) the **Insured** is, or had this policy not been available would be, entitled to indemnity from the United States of America or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization.

**2.**  **Bodily Injury** or **Property Damage** resulting from the hazardous properties of nuclear material, if:

   **a.**  the nuclear material (1) is at any nuclear facility owned by the **Insured** or operated by the **Insured** or on the **Insured's** behalf, or (2) has been discharged or dispensed therefrom;

   **b.**  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by the **Insured** or on the **Insured's** behalf; or

   **c.**  the **Bodily Injury** or **Property Damage** arises out of the furnishing by the **Insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion c. applies only to **Property Damage** to such nuclear facility and any property thereat.

**3.**  As used in this exclusion:

   **a.**  "hazardous properties" includes radioactive, toxic or explosive properties;

   **b.**  "nuclear material" means source material, special nuclear material or by-product material;

   **c.**  "source material", "special nuclear material" and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or any law amendatory thereof;

   **d.**  "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

   **e.**  "waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of a nuclear facility included within the definition of nuclear facility below;

   **f.**  "nuclear facility" means:

      **1)**  any nuclear reactor;

      **2)**  any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing or packaging wastes;

      **3)**  any equipment or device used for the processing, fabricating, or alloying of special nuclear material if at any time the total amount of such material in the **Insured's** custody at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; or

      **4)**  any structure, basin, excavation, premises or place prepared or used for storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

      **g)**  "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

(11)

h)    **Property Damage** includes all forms of radioactive contamination of property.

## VI.    Conditions

**A.    Appeals**

If the **Insured** or the **Insured's** underlying insurers do not appeal a judgment in excess of the Retained Limit, we have the right to make such an appeal. If we elect to appeal, our liability on such an award or judgment shall not exceed our Limits of Insurance as stated in Item 3 of the Declarations plus the cost and expense of such appeal.

**B.    Audit**

We may audit and examine your books and records as they relate to this policy at any time during the period of this policy and for up to three years after the expiration or termination of this policy.

**C.    Bankruptcy or Insolvency**

Your bankruptcy, insolvency or inability to pay or the bankruptcy, insolvency or inability to pay of any of your underlying insurers will not relieve us from the payment of any claim covered by this policy.

But under no circumstances will such bankruptcy, insolvency or inability to pay require us to drop down and replace the Retained Limit or assume any obligation within the Retained Limit area.

**D.    Cancellation**

1.    You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2.    We may cancel this policy. If we cancel because of non-payment of premium, we must mail or deliver to you not less than ten (10) days advance written notice stating when the cancellation is to take effect. If we cancel for any other reason , we must mail or deliver to you not less than ninety (90) days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Declarations will be sufficient to prove notice.

3.    The policy period will end on the day and hour stated in the cancellation notice.

4.    If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the Minimum Premium as shown in Item 4 of the Declarations.

5.    If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and increased by our short rate cancellation table and procedure. Final premium will not be less than the short rate share of the Minimum Premium as shown in Item 4 of the Declarations.

6.    Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, shall be sufficient tender of any refund due you.

7.    The first **Named Insured** in Item 1 of the Declarations shall act on behalf of all other **Insureds** with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

8.    Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with that law.

**(12)**

**E.    Changes**

Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or a change in any part of this policy.  This policy can only be changed by a written endorsement that becomes a part of this policy and that is signed by one of our authorized representatives.

**F.    Duties In The Event Of An Occurrence, Claim Or Suit**

    **1.**    You must see to it that we are notified as soon as practicable of an **Occurrence** which may result in a claim under this policy.  To the extent possible, notice should include:

        **a.**    how, when and where the **Occurrence** took place;

        **b.**    the names and addresses of any injured persons and witnesses; and

        **c.**    the nature and location of any injury or damage arising out of the **Occurrence**.

    **2.**    If a claim is made or **suit** is brought against any **Insured** that is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

    **3.**    You and any other involved **Insured** must:

        **a.**    immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;

        **b.**    authorize us to obtain records and other information;

        **c.**    cooperate with us in the investigation, settlement or defense of the claim or **suit**; and

        **d.**    assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

    **4.**    No **Insureds** will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**G.    Inspection**

We have the right, but are not obligated, to inspect your premises and operations at any time.  Our inspections are not safety inspections.  They relate only to the insurability of your premises and operations and the premiums to be charged.  We may give you reports on the conditions we find.  We may also recommend changes.  While they may help reduce losses, we do not undertake to perform the duty of any person or organization to provide for the health or safety of your employees or the public. We do not warrant that your premises or operations are safe or healthful or that they comply with laws, regulations, codes or standards.

**H.    Legal Actions Against Us**

There will be no right of action against us under this insurance unless:

    **1.**    You have complied with all the terms of this policy; and

    **2.**    The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability.

**I.    Maintenance of Underlying Insurance**

During the period of this policy, you agree:

    **1.**    To keep the policies listed in the Schedule of Underlying Insurance in full force and effect;

**(13)**

57697 (6 93)

2.     That any renewals or replacements of the policies listed in the Schedule of Underlying Insurance will not be more restrictive in coverage;

3.     That the limits of insurance of the policies listed in the Schedule of Underlying Insurance shall not change except for any reduction or exhaustion of aggregate limits by payment of claims for **Occurrences** covered by this policy; and

4.     That the terms, conditions and endorsements of the policies listed in the Schedule of Underlying Insurance will not materially change during the period of this policy.

If you fail to comply with these requirements, we will only be liable to the same extent that we would had you fully complied with these requirements.

**J.**     Other Insurance

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

**K.**     Premium

The first **Named Insured** designated in Item 1 of the Declarations shall be responsible for payment of all premiums when due.

The premium for this policy shall be computed on the basis set forth in Item 4 of the Declarations. At the beginning of the policy period, you must pay us the Advance Premium shown in Item 4 of the Declarations.

When this policy expires or if it is cancelled, we will compute the earned premium for the time this policy was in force. If this policy is subject to audit adjustment, the actual exposure basis will be used to compute the earned premium. If the earned premium is greater than the Advance Premium, you will promptly pay us the difference. If the earned premium is less than the Advance Premium. we will return the difference to you. But in any event we shall retain the Minimum Premium as shown in Item 4 of the Declarations for each twelve months of our policy period.

**L.**     Prior Insurance

If a loss covered by this policy is also covered in whole or in part under any other excess policy issued to the **Insured** prior to the effective date of this policy, our Limits of Insurance as stated in Item 3 of the Declarations will be reduced by any amounts due the **Insured** under such prior insurance.

**M.**     Separation of **Insureds**

Except with respect to our Limits of Insurance and any rights or duties specifically assigned to the first **Named Insured** designated in Item 1 of the Declarations, this insurance applies:

1.     As if each **Named Insured** were the only **Named Insured**; and

2.     Separately to each **Insured** against whom claim is made or **Suit** brought.

**N.**     Subrogation

If any **Insured** has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The **Insured** must do nothing after loss to impair these rights and must help us enforce them.

Any recoveries shall be applied as follows:

1.     Any interests. including the **Insured**, that have paid an amount in excess of our payment under this policy will be reimbursed first;

(14)

57697 (6 93)

2. We then will be reimbursed up to the amount we have paid; and

3. Lastly, any interests, including the **Insured**, over which our insurance is excess, are entitled to claim the residue.

Expenses incurred in the exercise of rights of recovery shall be apportioned between the interests, including the **Insured**, in the ratio of their respective recoveries as finally settled.

**O.    Transfer Of Your Rights And Duties**

Your rights and duties under this policy may not be transferred without our written consent.

If you die or are legally declared bankrupt, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. However, notice of cancellation sent to the first **Named Insured** designated in Item 1 of the Declarations and mailed to the address shown in this policy will be sufficient notice to effect cancellation of this policy.

**P.    When Loss Is Payable**

Coverage under this policy will not apply unless and until the **Insured** or the **Insured's** underlying insurer is obligated to pay the Retained Limit.

When the amount of loss has finally been determined, we will promptly pay on behalf of the **Insured** the amount of loss falling within the terms of this policy.

You shall promptly reimburse us for any amount within the Self Insured Retention paid by us on behalf of an **Insured**.

**In Witness Whereof**, we have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by one of our duly authorized representatives, where required by law.

*Elizabeth M. Tuck*
SECRETARY

PRESIDENT

57697 (6/93)