**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Carl G. Simpson and Bonnie Reed :
Simpson, Co-Administrators of the
Estate of Carl D. Simpson, : Case No. 1:00-CV-14

  Plaintiffs, : Judge Bertelsman

 -vs- :

National Union Fire Insurance Company :
Of Pittsburgh, PA
        :
  Defendant. :

## ANSWER OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

 **NOW COMES** Defendant, National Union Fire Insurance Company of Pittsburgh, PA ["National Union"], and for its *Answer* to the *Supplemental Complaint* filed by Plaintiffs, Carl G. Simpson and Bonnie Reed Simpson, Co-Administrators of the Estate of Carl D. Simpson ["Plaintiffs"], states and avers as follows:

## FIRST DEFENSE

 1. Answering, National Union admits that it previously issued a *Commercial Umbrella Policy* of insurance to Internet Corporation, under Policy No. 701 08 15, effective November 1, 1998 through November 1, 1999, as alleged in part in Paragraph 2 of the *Supplemental Complaint*, but further states that the terms, definitions, provisions and exclusions of the policy speak for themselves and accordingly, denies the remainder of the allegations as framed therein.

 2. Further answering, National Union admits that its policy does not provide

Coverage for Plaintiffs' Ohio employer intentional tort claims, on the basis of provisions including but not limited to *Section V, Exclusion O.* ["**Bodily Injury** or **Property Damage** expected or intended from the standpoint of the Insured"], as alleged in part in Paragraph 3 of the *Supplemental Complaint*, but denies all other allegations as framed therein.

3.     Further answering, National Union admits that Plaintiffs seek declaratory Relief as alleged in Paragraph 5 of the *Supplemental Complaint*, but expressly denies they are entitled to same as prayed for therein.

4.     Further answering, National Union denies for lack of knowledge the allegations as contained within Paragraph 1 of the *Supplemental Complaint*.

5.     Further answering, National Union denies the allegations as contained within Paragraphs 4, 6, and 7 of the *Supplemental Complaint*, as well as each and every other allegation of the *Supplemental Complaint*, express or implied, not previously admitted to be true herein.

## SECOND DEFENSE

6.     Plaintiffs' *Supplemental Complaint* fails to state a claim upon which relief may be granted as to Defendant, National Union.

## THIRD DEFENSE

7.     Plaintiffs' claims against National Union are barred by Doctrines in Equity, including but not limited to Estoppel, Waiver, Laches, and Unclean Hands.

## FOURTH DEFENSE

8.     Plaintiffs lack proper standing to pursue their claims against National Union.

**FIFTH DEFENSE**

9.      Plaintiffs' claims against National Union, if any, are barred by the express terms, conditions, provisions, definitions, and exclusions of the *Commercial Umbrella Policy* previously issued under Policy No. 701 08 15, effective November 1, 1998 through November 1, 1999, which terms are fully incorporated by reference herein (a copy of the *Policy* being too voluminous to attach and already in possession of the parties).

**SIXTH DEFENSE**

10.     There has been a failure or inadequacy of consideration, which bars Plaintiffs' claims against National Union.

**SEVENTH DEFENSE**

11.     There has been a failure to exhaust the primary liability insurance coverage issued to Intermet, thereby precluding coverage under National Union's *Policy*.

**EIGHTH DEFENSE**

12.     Plaintiffs have failed to plead a justiciable controversy that is ripe for adjudication by this Court.

**NINTH DEFENSE**

13.     There has not been an "Occurrence" as defined by, and required for, coverage under National Union's *Policy* issued to Intermet.

**TENTH DEFENSE**

14.     National Union's *Policy* does not cover "expected or intended" bodily injury to Intermet's employees as sustained in the course and scope of their employment.

## ELEVENTH DEFENSE

15.    National Union's *Policy* does not cover liability arising from the employment-related policies, acts, or omissions of Internet.

## TWELFTH DEFENSE

16.    As National Union has just been joined to this litigation, and as discovery is ongoing, National Union respectfully reserves the right to amend its *Answer* with any and all additional affirmative defenses as may prove proper and necessary herein.

**WHEREFORE,** having fully answered the *Supplemental Complaint* filed by Plaintiffs, Carl G. Simpson and Bonnie Reed Simpson, Co-Administrators of the Estate of Carl D. Simpson, Defendant, National Union Fire Insurance Company of Pittsburgh, PA, respectfully requests that this Court dismiss the *Supplemental Complaint* with prejudice; and that National Union be entitled to recover its costs of defense (including attorneys' fees) expended herein; as well as all other relief this Court deems just and proper.

Respectfully submitted,

**WILES, BOYLE, BURKHOLDER**
**& BRINGARDNER CO., L.P.A.**

s/ Samuel M. Pipino
Samuel M. Pipino (0061634)
300 Spruce Street, Floor One
Columbus, Ohio 43215
(614) 221-5216
FAX: (614) 221-4541

Attorneys for Defendant National Union
Fire Insurance Company of Pittsburgh, PA

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this 16th day of May 2005, a copy of the foregoing Answer of Defendant National Union Fire Insurance Company of Pittsburgh, PA was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Samuel M. Pipino     
Samuel M. Pipino, Esq.

#121952 v1 – AIG 61244