# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Carl G. Simpson and Bonnie Reed Simpson, Co-Administrators of the Estate of Carl D. Simpson, | : | |
| | : | Case No. 1:00-CV-14 |
| Plaintiffs, | : | Judge Bertelsman |
| -vs- | : | |
| National Union Fire Insurance Company Of Pittsburgh, PA | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, MOTION TO BIFURCATE & STAY BAD FAITH CLAIM

**NOW COMES** Defendant, National Union Fire Insurance Company of Pittsburgh, PA ["National Union"], and pursuant to Rule 42(B) of the Federal Rules of Civil Procedure, respectfully moves this Court for Bifurcation and Stay of the *Third Claim (Bad Faith)* in the *Supplemental Complaint* filed by Plaintiffs, Carl G. Simpson and Bonnie Reed Simpson, Co-Administrators of the Estate of Carl D. Simpson ["Plaintiffs"]. Such an Order will avoid prejudice and be conducive to expedition in this case and judicial economy. The basis of this Motion is forth in the accompanying Memorandum in Support.

Respectfully submitted,

**WILES, BOYLE, BURKHOLDER
& BRINGARDNER CO., L.P.A.**


s/ Samuel M. Pipino
Samuel M. Pipino (0061634)
300 Spruce Street, Floor One
Columbus, Ohio 43215
(614) 221-5216
FAX: (614) 221-4541
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, PA


## MEMORANDUM IN SUPPORT

### I.     FACTS

This case arises out of a dispute over excess liability insurance coverage for an Ohio employer intentional tort claim made by Plaintiffs against Intermet. Intermet was the Named Insured under a *Commercial Umbrella Policy* issued by National Union, and Plaintiffs assert claims for breach of contract and declaratory relief, following a settlement with Intermet and putative assignment of its (Intermet's) rights under the policy. The Third Claim of Plaintiffs' *Complaint* pleads allegations of Bad Faith by National Union for denying coverage of Plaintiffs' intentional tort claim.

In order to avoid undue prejudice to National Union, as well as an unnecessary complication of the facts, discovery and legal issues presented in this case, National Union respectfully requests this Court bifurcate and stay Plaintiff's bad faith claim.

### II.    DISCUSSION OF LAW

In considering issues pertaining to liability insurance coverage for Ohio employer intentional tort claims, as presented in this action, this court is bound by the decisions of the

2

Ohio Supreme Court. <u>Ruth v. Bituminous Casualty Corp.</u> (6th Cir. 1970), 427 F.2d 290. The Ohio Supreme Court has recognized that it is proper for an insurance company to seek bifurcation of a bad faith claim in litigation that concurrently involves the determination of disputed coverage issues. In its decision in <u>Boone v. Vanliner</u> (2001), 91 Ohio St.3d 209, the Court found that in order to preclude discovery of attorney-client privileged materials in a first-party insurance coverage case alleging bad faith, the proper procedure is for the defendant insurer to move for bifurcation and stay of the bad faith claim. ["Vanliner further argues that the release of the documents at issue in this case will undermine its ability to defend on the underlying underinsured motorist claim that remains pending.* * *If this were a legitimate concern, we believe that Vanliner would have moved the trial court to stay the bad faith claim, by severing it from the underlying underinsured motorist claim."]. <u>Id</u>. at 213.

Rule 42(B) of the Federal Rules of Civil Procedure accordingly provides:

(B) Separate Trials.

> The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Citing <u>Boone</u>, Ohio appellate courts have ordered the bifurcation and stay a bad faith claims in insurance declaratory judgment actions, as a means of avoid in undue prejudice to the insurer. In <u>The Corinthian v. Hartford Fire Ins. Co.</u> (Ohio 2001), 143 Ohio App.3d 392, the Cuyahoga County Court of Appeals granted a motion to bifurcate the bad faith claim and stay proceedings on that claim pending resolution of the coverage issues. *See also* <u>Garg v. State Automobile Mut. Ins. Co.</u> (Ohio 2003), 155 Ohio App.3d 258 [Holding that bad faith claim should be bifurcated from other claims, and that discovery on bad faith claims should be stayed,

3

pending resolution of other claims. The Garg Court held that requiring an insurer to divulge its otherwise privileged information before the breach of contract and unfair claims practices act claims had been resolved, would have unquestionably impacted the insurer's ability to defend against said claims]. The same result is respectfully warranted, in the instant present case, in that requiring National Union hereto divulge confidential information with respect to the bad faith claim would compromise National Union's defense with respect to the coverage claim.

Indeed, the majority of federal courts (including the U.S. Court of Appeals for the Sixth Circuit) view the bifurcation and stay of a bad faith claim from an underlying action, as just and proper. *See* Smith v. Allstate Ins. Co. (6th Cir. 2005), 403 F.3d 401 [Affirming district court's bifurcation of bad faith claim and stay of discovery pending disposition on underlying coverage claims]; In re Berguson (D.Mont. 1986), 112 F.R.D. 692 ["Given the need for complete discovery to be afforded to all parties to the action, the interest of justice would best be served by bifurcating the bad faith claims from the remainder of the case and determining the liability issues first."].

The irreparable prejudice to National Union is an important reason for bifurcating the bad faith claims from the coverage issues. Specifically, what is discoverable in a bad faith claim under Boone, *supra*, is much broader than what is discoverable in an ordinary breach of contract, declaratory judgment, or coverage claim. Bifurcation is necessary to avoid prejudice resulting if National Union were forced to disclose documents relevant to the bad faith claim, but completely irrelevant and prejudicial to the breach of contract and declaratory judgment claims. In this respect, claims files materials or communications to an insurer from its counsel are protected from documents in disclosure unless and until a determination is made as to whether coverage even exists.

Thus, to permit bad faith discovery before coverage has been determined, puts the "cart before the horse" and is thus inappropriate and prejudicial. If coverage does not exist, allegations of bad faith in denying the claim(s) are rendered moot. Furthermore, any discovery on such claims will invariably develop into a "trial within a trial", given the factual and legal depth and complexity of such issues, which are again wholly unrelated to a legal determination on coverage. Therefore, this court should bifurcate and stay Plaintiff's bad faith claim against National Union until the coverage issues are resolved.

Respectfully submitted,

**WILES, BOYLE, BURKHOLDER & BRINGARDNER CO., L.P.A.**

s/ Samuel M. Pipino
Samuel M. Pipino (0061634)
300 Spruce Street, Floor One
Columbus, Ohio 43215
(614) 221-5216
FAX: (614) 221-4541

Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, PA

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June 2005, a copy of the foregoing Motion to Bifurcate and Stay Bad Faith Claim of Defendant National Union Fire Insurance Company of Pittsburgh, PA was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Samuel M. Pipino
Samuel M. Pipino, Esq.

#121935 v1 – AIG 61244