IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carl G. Simpson and Bonnie Reed  :
Simpson, Co-Administrators of the
Estate of Carl D. Simpson,        :   Case No. 1:00-CV-14

    Plaintiffs,                 :   Judge Bertelsman

-vs-                              :

National Union Fire Insurance Company :
Of Pittsburgh, PA,

    Defendant.                  :

### RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY

### INTERROGATORIES

1. Please state the name of each person answering these interrogatories and requests for production of documents and provide a description of your duties and responsibilities at National Union and verify that each individual has the authority to respond to these discovery requests.

    **ANSWER:**    Mr. James Fuchs
                        AIG Domestic Claims
                        175 Waterstreet, 22nd Floor
                        New York, NY 10038

Discovery responses were produced with the assistance of undersigned legal counsel. Mr. Fuchs is authorized to participate in the answers and responses to Plaintiffs' discovery request, as the Claims Analyst at AIGDC responsible for handling this coverage litigation.

2. Are your Answers to these Interrogatories based on all sources of information available to you, including without limitation your office records, and diligent inquiry among

your employees, associates, and others known or believed by you to possess pertinent information?

    **ANSWER:**   Yes.

3.    Have you ever been a defendant in a breach of contract/bad faith lawsuit or other similar claim in State or Federal Court applying Ohio law? If so, state:

    a.    The name of the insured
    b.    The name of the Plaintiff
    c.    The name of the Court
    d.    The case number
    e.    The name and address of your counsel, and
    f.    The disposition of the case.

    **ANSWER:**   OBJECTION. This interrogatory is improper in that it is overly broad, burdensome, harassing and invasive, and is not reasonably calculated to lead to the discovery of admissible and relevant evidence in the subject litigation pursuant to Rule 26 of the Federal Rules of Civil Procedure ["FRCP"]. Further answering, the Court has ordered a Bifurcation and Stay of Plaintiffs' Bad Faith Claim in the subject litigation.

4.    Please identify every person whom you believe may have or should have personal knowledge or information relevant to the claims or defenses asserted in this action, providing their name, address, telephone number, employer and job title. Please describe in detail the personal knowledge or information you believe each person may have.

    **ANSWER:**   OBJECTION. This interrogatory is unduly vague and overly broad. However, further answering and without waiver of objection, Defendant states that the claims and defenses in this matter are based upon the original Complaint filed by the Estate of Carl D. Simpson against Internet Corporation, U.S. District, Southern District of Ohio, Court Case No. C-1-00 0014, and the Commercial Umbrella policy issued by National Union Fire Insurance Company of Pittsburgh, PA to Internet under Policy No. 701-08-15, effective November 1, 1998 thru November 1, 1999. Further answering, Defendant reserves the right to supplement this answer in support of any and all additional affirmative defenses as pled in its answer previously filed in this case.

5.    For each affirmative defense that you have plead, set forth the following:
    a.    The factual basis for each such affirmative defense; and

  b. The name and address of each person you believe can support such defense.

**ANSWER:** See Answer to Interrogatory No. 4, above.

6. To your knowledge, was any internal investigation made concerning any of the events referred to in the Complaint, or concerning any issues of coverage of your insured? If so, describe the nature of the investigation and the conclusion derived from the said investigation and the individual or individuals responsible for conducting the investigation.

**ANSWER:** OBJECTION. This interrogatory is improper in that it is overly broad, burdensome, harassing and invasive, and is not reasonably calculated to lead to the discovery of admissible and relevant evidence in the subject litigation pursuant to Rule 26 of the FRCP. Further answering, the Court has ordered a Bifurcation and Stay of Plaintiffs Bad Faith Claim in the subject litigation.

7. Identify each person whom you expect to call as an expert witness at trial, providing his or her full name, address, telephone number, occupation, and title or job classification or each expert witness you expect to call to testify. As to each such expert witness, state the qualifications of the witness as an expert, with particular reference to the issues on which he or she may be called to testify, the subject matter of the expected testimony, the substance of the facts and observations in the expected testimony, the opinions to be expressed in the expected testimony, a summary of the grounds for each such opinion and whether the expert witness made any written or recorded report.

**ANSWER:** Undetermined. As discovery is ongoing, Defendant reserves the right to supplement this answer in a seasonable fashion prior to Trial.

8. Describe and list the individuals involved in formulating and implementing your claims handling procedures and/or protocols for determining coverage of a claim the same or similar to the claim in this case.

**ANSWER:** See Objection to Interrogatory No. 6, above.

9. Do you agree your policy with the "insured" provides excess coverage to the "insured" for employers liability pursuant to the terms of the "insured" policy with Liberty Mutual Fire, policy number WA264DOO4228018 which had a limit of $1,000,000.00 coverage, as identified in your policy with the "insured" in the "SCHEDULE OF UNDERLYING

3

INSURANCE"? If you do not fully agree, set forth any part you do not agree with and explain why you do not agree with any particular part of the statement.

**ANSWER:** OBJECTION. This interrogatory is improper in that it is unduly vague, and may seek a legal conclusion on questions of law and/or contractual interpretation for the Court. However, further answering and without waiver of objection, Defendant states that the terms and conditions of its policy speak for themselves. Further answering, Defendant expressly denies that its policy provides coverage for employer intentional tort "substantial certainty" claims under Ohio law as pled against its insured.

10. Identify each and every policy which the "insured" has had with the defendant carrier for the last ten years including policy numbers, dates, coverage, exclusions and liability limits.

**ANSWER:** OBJECTION. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence under FRCP 26.

11. State whether the defendant carrier continues to have copies of any of the policies (including facsimile copies) described in the previous answer. If so, identify the policies that are still available.

**ANSWER:** See Objection to Interrogatory No. 10, above.

12. Describe each and every claim which the "insured" has made against any of the policies you have described in your previous answers including the dates of each claim, the nature of each claim and their disposition.

**ANSWER:** See Objection to Interrogatory No. 10, above.

13. State the date when the defendant carrier first received notice of the claim at issue.

**ANSWER:** On or about September 27, 2000.

14. State the manner in which the defendant carrier received the first notice of the claim at issue including the identity of the person receiving such notice.

4

**ANSWER:** To the best of this Defendant's current knowledge and belief, notice was provided by Intermet's insurance broker (Marsh) and initially received by a segmentation technician at AIG Domestic Claims (fka AIG Technical Services, Inc.) whose identity is not readily ascertainable.

15. Describe in detail each and every communication which the defendant carrier has had with the "insured" after it received the first notice of the claim at issue.

**ANSWER:** OBJECTION. This interrogatory is overly broad, unduly vague, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to FRCP 26.

16. State whether a claim file was opened for the claim at issue and, if so, state when it was opened and to whom it has been assigned at any time.

**ANSWER:** OBJECTION. This interrogatory is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to FRCP 26. However further answering and without waiver of objection, the claim file was opened following notice of same.

17. Describe in detail the investigation the defendant carrier conducted into the claim at issue.

**ANSWER:** See Objection to Interrogatory No. 6, above.

18. State each and every basis upon which the defendant carrier has denied coverage and/or providing a defense for the claim at issue.

**ANSWER:** See AIG Technical Services, Inc. claim denial letter issued April 3, 2002 to Intermet Corporation (copy enclosed).

19. State each and every settlement demand which the defendant carrier has received from the "insured" to settle the claim.

**ANSWER:** OBJECTION. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, the Defendants handling of this claim and/or receipt of settlement demands would only be relevant, if at all, to

5

Plaintiffs' bad faith claims which have been bifurcated and stayed pursuant to order from the federal court in this case.

20. State the defendant carrier's response to each settlement demand setting forth in detail the rationale, reasons and basis of each response.

**ANSWER:** See Objection and qualified answer to Interrogatory No. 19, above.

21. If the defendant carrier contends that the "insured" is not entitled to coverage because of his failure to comply with any condition of the policy, including notice conditions, describe each and every condition, and the manner in which the "insured's" failure to comply with each such condition has impaired the defendant carrier's rights.

**ANSWER:** Will supplement.

22. If the defendant carrier contends that the "insured" is not entitled to coverage because of its failure to give timely notice under the policy, state each and every action the defendant carrier would have undertaken had timely notice been given and the manner in which the lack of timely notice has affected the carrier's rights to undertake any such action.

**ANSWER:** Will supplement.

23. Identify all documents by nature (e.g., letter, memorandum, etc.) date, author, addressee and recipients upon which you relief or referred to in answering or attempting to answer any of the above interrogatories. Identify the interrogatories to which each such document relates.

**ANSWER:** OBJECTION. This interrogatory is improper in that it is overly broad, unduly evasive, burdensome, and harassing and may seek in part materials protected by attorney-client privilege, work-product and/or materials prepared in anticipation of litigation. However, further answering and without waiver of Objection, see the denial letter enclosed herewith.

24. Identify the person who currently has possession of each document identified in your previous answer.

6

ANSWER:   See Objection and qualified answer to Interrogatory No. 23, above. The undersigned defense counsel has possession of the denial letter.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND OTHER TANGIBLE THINGS

1.   A complete and accurate copy of the claim file with regard to the claim at issue in this matter.

ANSWER:   OBJECTION. This interrogatory is improper in that it is overly broad, burdensome, harassing and invasive, and is not reasonably calculated to lead to the discovery of admissible and relevant evidence in the subject litigation pursuant to Rule 26 of the FRCP. Further answering, the Court has ordered a Bifurcation and Stay of Plaintiffs' Bad Faith Claim in the subject litigation.

2.   A copy of the first notice which the defendant carrier received (or memorandum of the first oral notice which the defendant carrier received) of the claim at issue in this matter.

ANSWER:   OBJECTION. This request is unduly vague, insofar as Defendant received oral communications providing first notice of the claim at issue in this matter and accordingly, is not in possession of documents responsive to the request as phrased.

3.   Copies of all correspondence or other communications (including memoranda of oral communications), which the defendant carrier has had with the "insured" in this matter with regard to the claim at issue.

ANSWER:   OBJECTION. This request is overly broad, unduly evasive, burdensome, and harassing, and not reasonably calculated to lead to the discovery of admissible evidence pursuant to FRCP 26.

4.   Copies of all communications (including memoranda of oral communications) which the defendant carrier has had with the "insured" with regard to any matter in the past five years.

ANSWER:   See Objection to Request No. 3, above.

7

5. A complete and accurate copy of the insurance policy at issue including the declarations page.

**ANSWER:** To the best of Defendant's current knowledge and belief, a complete and accurate copy of the insurance policy including declarations page is already in possession of Plaintiffs' counsel and was previously attached as an exhibit to the Supplemental Complaint.

6. A complete and accurate copy of any policy which the plaintiff has had with the defendant carrier at any time in the past.

**ANSWER:** See Objection to Request No. 3, above.

7. A detailed billing history for every premium which has been due from the "insured" for any policy, including the one at issue, including the dates upon which bills were issued and the dates upon which payments were received.

**ANSWER:** See Objection to Request No. 3, above.

8. Copies of any rules, regulations, or written guidelines of any sort upon which you relief upon in this case, or have relied upon in similar cases in the past, for the purpose of deciding whether or not to deny coverage or assert a defense in a claim of this nature.

**ANSWER:** See Objection to Request No. 3, above.

9. Copies of any documents the defendant carrier identified in the answers to interrogatories.

**ANSWER:** OBJECTION. This interrogatory is improper in that it is overly broad, unduly invasive, burdensome, and harassing and may seek in part materials protected by attorney-client privilege, work-product and/or materials prepared in anticipation of litigation. However, further answering and without waiver of Objection, see the denial letter enclosed herewith.

10. A copy of each and every communication the defendant carrier has had with any other insurance carrier concerning the handling of claims such as the one at issue in this matter.

8

ANSWER: See Objection to Request No. 3, above.

AS TO ALL LEGAL OBJECTIONS STATED HEREIN:



Samuel M. Pipino (0061634)

Respectfully submitted,

**WILES, BOYLE, BURKHOLDER & BRINGARDNER CO., L.P.A.**



Samuel M. Pipino (0061634)
300 Spruce Street, Floor One
Columbus, Ohio 43215
(614) 221-5216
FAX: (614) 221-4541
*Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July 2005, a copy of the foregoing was sent by regular U.S. Mail to the following:

Randall L. Lambert, Esq.
D. Scott Bowling, Esq.
215 South 4th Street
P.O. Box 725
Ironton, Ohio 45638
*Attorney for Plaintiffs*

Samuel M. Pipino, Esq.

#126253 v1 – AIG 61244

10



AIG Technical Services, Inc.

EXCESS CASUALTY CLAIMS DEPARTMENT

175 Water Street, 22nd Floor

New York, NY  10038

(212) 458-5705          Fax: (212) 458-5679

E-mail:  joann.kavanagh@aig.com

April 3, 2002

Intermet Corporation
Attn: Risk Mangmt. Dept.
5445 Corporate Drive, Ste. 200
Troy, MI 48089-2683

    Re:    *AIG Claim No. 169-089804*
            Insured: Intermet Corporation
            Case: Estate of Carl D. Simpson v. Intermet Corp., et al.
            U.S. District Ct., S.D.Ohio (W.Div.) Case No. C-1-00 0014

Dear Madam or Sir:

AIG Technical Services, Inc., is the claims administrator for National Union Fire Insurance Company of Pittsburgh, PA ["National Union"], concerning potential excess insurance coverage for Ohio employer intentional tort and related claims asserted in the pending action of Estate of Carl D. Simpson v. Intermet Corp., et al., U.S. District Ct., S.D.Ohio (W.Div.) Case No. C-1-00 0014. The coverage issues arise pursuant to a *Commercial Umbrella Policy* issued by National Union Fire Insurance Company of Pittsburgh, PA ["National Union"] to Intermet under Policy No. 701-08-15 effective November 1, 1998 through November 1, 1999 with limits of $30,000,000 (over a Self-Insured Retention of $25,000 and a *Schedule of Underlying Insurance* listing, *inter alia*, *Employers Liability* primary policy with limits of $1,000,000 issued to Intermet by Liberty Mutual Fire Insurance Company, and an *Employers Liability* excess policy with limits of $1,000,000 ($250,000 Retention) issued by Liberty Insurance Corporation.

This letter is to advise you, Intermet Corporation and its Successors, and Ironton Iron, Inc., that based upon the terms, conditions, definitions, and exclusions of the subject National Union *Policy*, that National Union declines any duty to defend or indemnify Intermet and\or Ironton Iron or Successors for this employer intentional tort action. The claims in the subject *Complaint* are for Ohio Common-law Employer Intentional tort and related causes of arising out of fatal injuries sustained by Plaintiffs' decedent, Carl David Simpson, in the course and scope of his employment for Intermet's subsidiary and\or related company, Ironton Iron, due to an industrial accident at its facility in Ironton, Lawrence County, Ohio. The allegations as plead in the *Complaint* claim intentionally tortious conduct resulting in the loss of Plaintiff's decedent while employed in the course and scope of employment for Intermet\Ironton Iron.

AIG  A Member Company of
American International Group, Inc.

April 3, 2002
Page #2

The insuring agreement found in National Union's *Commercial Umbrella* policy provides as follows:

    I.    **COVERAGE**

> We will pay on behalf of the insured those sums in excess of the Retained Limit that the insured becomes legally obligated to pay by reason of liability imposed by law or assumed by the Insured under an Insured Contract because of Bodily Injury, Property Damage, Personal Injury or Advertising Injury that takes place during the Policy Period and is caused by an Occurrence happening anywhere in the world." * * *

An Occurrence is defined to mean:

    1.    As respects Bodily Injury or Property Damage, an accident, including Continuous or repeated exposure to conditions, which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the insured. All such exposure to substantially the same general conditions shall be considered as arising out of one Occurrence.

    \*    \*    \*    \*

**EXCLUSIONS**
This insurance does not apply to:

    A.    Any obligation of the Insured under a Workers Compensation, Unemployment Compensation, or Disability Benefits Law, or under any similar law.

    \*    \*    \*    \*

    I.    Liability of any employee with respect to Bodily Injury or Personal Injury to another employee of the same employer injured in the course of such employment.
However, if insurance for such liability is provided by a policy listed in the Schedule of Underlying Insurance:
1. This exclusion shall not apply; and
2. The insurance provided by our policy will not be broader than the insurance coverage provided to the employee by the policy listed in the Schedule of Underlying Insurance.

    \*    \*    \*    \*

    O.    Bodily Injury or Property Damage expected or intended from the standpoint of the insured.

    \*    \*    \*    \*

Significantly, National Union's *Commercial Umbrella Policy* does **not** contain an Employer's Liability "Stop-Gap" Coverage Endorsement. As written, the National Union *Commercial*

April 3, 2002
Page #3

*Umbrella Policy's* definition of an Occurrence, as well as the standard exclusions for "Expected or Intended Injury," preclude coverage for an employer intentional tort claim and any related causes of action plead against Intermet and\or Ironton Iron or Successors.

Based on the foregoing, AIG Technical Services, Inc., as the claims administrator for National Union Fire Insurance Company of Pittsburgh, PA ["National Union"], hereby denies any excess insurance coverage for the Ohio employer intentional tort and related claim asserted in the pending action of of Estate of Carl D. Simpson v. Intermet Corp., et al., U.S. District Ct., S.D.Ohio (W.Div.) Case No. C-1-00 0014, relative to the *Commercial Umbrella Policy* issued by National Union Fire Insurance Company of Pittsburgh, PA ["National Union"] to Intermet under Policy No. 701-08-15 effective November 1, 1998 through November 1, 1999 with limits of $30,000,000 (over a Self-Insured Retention of $25,000 and a *Schedule of Underlying Insurance* listing, *inter alia, Employers Liability* primary policy with limits of $1,000,000 issued to Intermet by Liberty Mutual Fire Insurance Company, and an *Employers Liability* excess policy with limits of $1,000,000 ($250,000 Retention) issued by Liberty Insurance Corporation.

By so declining coverage on this basis, National Union and AIGTS do not waive and hereby expressly reserve the right to rely upon all other terms, conditions, definitions and exclusions of the subject policy which may further be applicable to a denial of coverage of this matter. Should you have any further questions or possess any additional information you would like us to consider as respects this coverage denial, please do not hesitate to contact and\or submit such information to the undersigned.

Very truly yours,


Joann Kavanagh, AIGTS Excess Casualty Claims Analyst



    Edward Bereza
    Marsh
    Suite 2100
    Detroit, Michigan 48243


AIG A Member Company of American International Group, Inc.

_JAMES L. FUCHS OF_
_AIG DOMESTIC CLAIMS, INC._, the Defendant herein or a representative of the Defendant herby states that the answers to the above interrogatories are correct to the best of his/her knowledge and belief.

_____
DEFENDANT OR REPRESENTATIVE

STATE OF New York
COUNTY OF New York  SS.

Before me, a notary public, in and for said County and State, personally appeared _James L. Fuchs_, who acknowledged that he/she did sign the foregoing, and that the same in his/her free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this 20TH day of July, 2005.

_____
Notary Public
JOHN P. McLOUGHLIN
NOTARY PUBLIC, State of New York
No. 01MC4820317
Qualified in Suffolk County
Commission Expires 07-31-2006

AIG 61244
RECEIVED 7/20/05