# Westlaw.

509 N.E.2d 74                                                                                           Page 1

31 Ohio St.3d 65, 509 N.E.2d 74, 31 O.B.R. 180

**(Cite as: 31 Ohio St.3d 65, 509 N.E.2d 74)**

▷

Supreme Court of Ohio.
WEDGE PRODUCTS, INC., Appellee,
v.
HARTFORD EQUITY SALES COMPANY,
D.B.A. Hartford Fire Insurance Company,
Appellant.
No. 86-370.

June 17, 1987.

Employer brought declaratory judgment action against insurer alleging insurer had duty to defend. The Trial Court held insurer was not obligated under policy to defend and appeal was taken. The Court of Appeals, Cuyahoga County, affirmed and motion to certify record was allowed. The Supreme Court, Herbert R. Brown, J., held that intentional torts allegedly committed by employer against its employees were not covered by insurance policy which provided protections for bodily injuries neither expected nor intended by employer, and thus insurer had no duty to defend.

Reversed and remanded.

Holmes, J., concurred in judgment only.

Douglas, J., concurred in part and dissented in part and filed opinion.

West Headnotes

**[1] Torts ⚖144**
379k144 Most Cited Cases
(Formerly 379k27)
Intent or belief that injury to another is substantially certain to occur, for the purpose of determining whether intentional tort has been committed, may be inferred from tort-feasor's conduct and surrounding circumstances.

**[2] Insurance ⚖2261**
217k2261 Most Cited Cases
(Formerly 217k433.1, 217k433(1))
Public policy is contrary to insurance against intentional torts.

**[3] Insurance ⚖2275**
217k2275 Most Cited Cases
(Formerly 217k435.32, 217k514.9(1))
Intentional torts allegedly committed by employer against its employees were not covered by insurance policy which provided protection for bodily injuries neither expected nor intended by employer, and thus, employer's insurer had no duty to defend actions.

**[4] Insurance ⚖2278(11)**
217k2278(11) Most Cited Cases
(Formerly 217k435.32)
Insurance contract provided no coverage for claims by employees which arose out of and in course of their employment and thus, claim which did not rise to level of intentional tort was excluded.

**\*\*74 Syllabus by the Court**
**\*65** An intentional tort allegedly committed by an employer against its employee is not covered by an insurance policy which provides protection for bodily injuries "neither expected nor intended" by the employer.

Defendant-appellant, Hartford Equity Sales Company, d.b.a. Hartford Fire Insurance Company ("Hartford"), issued an insurance policy providing general liability coverage to plaintiff-appellee, Wedge Products, Inc. ("Wedge"), effective from July 1, 1978 to July 1, 1981. The policy provided coverage for bodily injuries resulting from an "occurrence," which was defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage *neither expected nor intended* from the standpoint of the insured." (Emphasis added.) The policy excluded coverage for any

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



509 N.E.2d 74

Page 2

31 Ohio St.3d 65, 509 N.E.2d 74, 31 O.B.R. 180

**(Cite as: 31 Ohio St.3d 65, 509 N.E.2d 74)**

obligation for which Wedge was liable under the workers' compensation laws, and further excluded coverage for bodily injuries to employees of Wedge arising out of and in the course of their employment.

During the period when the policy was in effect, two employees of Wedge, Mark Pariseau and Donald Walls, filed separate actions against Wedge for personal injuries sustained in separate punch press accidents that occurred while they were working at Wedge's facility in Cleveland. Both employees alleged that their injuries resulted from intentional torts committed by Wedge. [FN1] It is undisputed that Pariseau **75 and Walls had previously applied for and received workers' compensation benefits.

> FN1. Pariseau alleged that Wedge acted "deceitfully, fraudulently, negligently, wantonly, recklessly, willfully, intentionally and maliciously" in directing him to "operate a press in a manner * * * which * * * [Wedge] knew to be hazardous, unsafe and likely to result in personal injury" to him. Walls alleged that Wedge "directed and instructed * * * [him] to operate a press in a manner which * * * [Wedge] knew to be hazardous, unsafe and likely to result in personal injury" to him, and that Wedge "fraudulently represented to * * * [him] that the press could be safely operated in the manner in which * * * [Wedge] instructed * * * [him]."

*66 Wedge timely notified Hartford of both actions filed against it, but Hartford declined to defend either of them. Hartford maintained that the policy provided no coverage because: (1) the employees' injuries were "expected or intended" by Wedge and (2) the employees' injuries arose out of and in the course of their employment.

Wedge brought declaratory judgment actions against Hartford. The trial court consolidated the two actions and held that Hartford was obligated under the policy to defend Wedge, and to indemnify Wedge for any judgments obtained against it by Pariseau or Walls. The court of appeals affirmed.

The cause is before this court upon the allowance of a motion to certify the record.

Petro, Rademaker, Cleveland, Matty & McClelland, Robert C. McClelland and Anne M. Wilhelm, Cleveland, for appellee.

McNeal, Schick, Archibald & Biro, Thomas Schick, Benesch, Friedlander, Coplan & Aronoff and John E. Martindale, Cleveland, for appellant.

Byron & Cantor Co., L.P.A., David E. Cruikshank and Barry M. Byron, Willoughby, urging affirmance for amici curiae, Ohio Municipal League et al.

HERBERT R. BROWN, Justice.

The threshold issue presented by this appeal is whether Hartford's insurance policy provides coverage for the claims asserted against Wedge by its employees. For the reasons that follow, we find that there is no coverage.

In *Blankenship v. Cincinnati Milacron Chemicals* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, we held that neither the Ohio Constitution nor the workers' compensation laws preclude an employee from enforcing common-law remedies against his employer for an intentional tort. In *Jones v. VIP Development Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046, paragraph one of the syllabus, we defined the term "intentional tort":

"An intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur."

We further explained: "Thus, a specific intent to injure is not an essential element of an intentional tort where the actor proceeds despite a perceived threat of harm to others which is *substantially certain,* not merely likely, to occur. It is this

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

509 N.E.2d 74                                                                                                    Page 3

31 Ohio St.3d 65, 509 N.E.2d 74, 31 O.B.R. 180

**(Cite as: 31 Ohio St.3d 65, 509 N.E.2d 74)**

element of substantial certainty which distinguishes a merely negligent act from intentionally tortious conduct. * * * " (Emphasis *sic*.) 15 Ohio St.3d at 95, 15 OBR at 250, 472 N.E.2d at 1051.

[1] The *Jones* definition of an "intentional tort" consists of a two-prong test. If a tortfeasor commits an act with (1) the *intent* to injure another or *67 2) the *belief* that such injury is substantially certain to occur, then an intentional tort has been committed. [FN2]

> FN2. This intent or belief may be inferred from the tortfeasor's conduct and the surrounding circumstances. *Jones, supra,* at 95, 15 OBR at 250, 472 N.E.2d at 1051; see, also, *Davis v. Tunison* (1959), 168 Ohio St. 471, 7 O.O.2d 296, 155 N.E.2d 904, paragraph two of the syllabus.

Applying this test to the intentional tort allegations contained in Pariseau's and Walls' complaints, we are unable to discern any possibility of coverage under the policy issued to Wedge by Hartford. The policy covers bodily injuries "neither expected nor intended" by Wedge. Under the *Jones* test an intentional tort by Wedge must necessarily involve either an intent to injure or a belief that injury is substantially certain to occur. Clearly, no coverage is provided if Wedge intended to injure Pariseau and Walls. More importantly, we are unable to see how Wedge could have committed any acts with the *belief* that Pariseau or Walls **76 were *substantially certain* to be injured, yet not have *"expected"* such injuries to occur.

[2] Moreover, public policy is contrary to insurance against intentional torts. *Blankenship, supra,* 69 Ohio St.2d at 615, 23 O.O.3d at 509, 433 N.E.2d at 577; *Rothman v. Metropolitan Cas. Ins. Co.* (1938), 134 Ohio St. 241, at 246, 12 O.O. 50, at 52, 16 N.E.2d 417, at 420; *Portaro v. American Guarantee & Liability Ins. Co.* (N.D.Ohio 1962), 210 F.Supp. 411, 22 O.O.2d 348, affirmed (C.A. 6, 1962), 310 F.2d 897, 22 O.O.2d 354.

[3] Therefore, we hold that an intentional tort allegedly committed by an employer against its employee is not covered by an insurance policy which provides protection for bodily injuries "neither expected nor intended" by the employer.

[4] Additionally, the insurance contract in the case *sub judice* provides no coverage for claims by the employees which arise out of and in the course of their employment. By this provision, a claim which does not rise to the level of intentional tort is excluded. [FN3]

> FN3. Pariseau and Walls cannot recover from Wedge on claims not rising to the level of intentional tort. See Section 35, Article II of the Ohio Constitution and R.C. 4123.74. Cf. *Blankenship, supra.*

Because there is no possibility of coverage under the policy for either of the actions filed against Wedge, it follows that Hartford has no duty to defend those actions. *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874; *Socony-Vacuum Oil Co. v. Continental Cas. Co.* (1945), 144 Ohio St. 382, 29 O.O. 563, 59 N.E.2d 199.

We are mindful of our decision in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, syllabus, wherein we held: "Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy *68 coverage has been pleaded, the insurer must accept the defense of the claim."

As in *Willoughby Hills,* Hartford's policy states that its duty to defend exists "even if any of the allegations of the suit are groundless, false or fraudulent * * *." *Willoughby Hills,* however, does not require a defense where the complaint contains no allegation that states a claim "potentially or arguably within the policy coverage." There is no doubt here. No theory of recovery within the policy coverage has been pleaded, regardless of whether the allegations are true, false, fraudulent or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

509 N.E.2d 74                                                                                             Page 4

31 Ohio St.3d 65, 509 N.E.2d 74, 31 O.B.R. 180

**(Cite as: 31 Ohio St.3d 65, 509 N.E.2d 74)**

groundless. Thus, Hartford has no duty to defend either action. See *Zanco, Inc. v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St.3d 114, 11 OBR 413, 464 N.E.2d 513. [FN4]

> FN4. The parties do not dispute the propriety of declaratory judgment as a proper form of action. Under our holding this term in *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, it is clear that declaratory judgment is an appropriate means by which to resolve the issues presented in this case.

Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for entry of judgment in favor of Hartford.

*Judgment reversed and cause remanded.*

MOYER, C.J., and DOAN, FORD and WRIGHT, JJ., concur.

HOLMES, J., concurs in judgment only.

DOUGLAS, J., concurs in part and dissents in part.

DOAN, J., of the First Appellate District, sitting for SWEENEY, J.

FORD, J., of the Eleventh Appellate District, sitting for LOCHER, J.

DOUGLAS, Justice, concurring in part and dissenting in part.

I agree that the appellant insurer has no duty to indemnify appellee Wedge Products **77 in the event of an adverse judgment. However, I emphatically disagree with the majority's holding that appellant has no duty to defend under these facts. In my view, this holding directly conflicts with our very recent decision in *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118. We held therein that:

"Where the insurer does not agree to defend *groundless, false or fraudulent claims,* an insurer's duty to defend does not depend solely on the allegations of the underlying tort complaint. *Absent such an agreement,* the insurer has no duty to defend or indemnify its insured where the insurer demonstrates in good faith in the declaratory judgment action that *69 the act of the insured was intentional and therefore outside the policy coverage." (Emphasis added.) *Id.* at paragraph two of the syllabus.

It is clear from the foregoing that the insurer will be relieved of its duty to defend upon a showing that the conduct complained of was outside coverage *only where the insurer has not agreed to defend groundless, false or fraudulent claims.* However, if the insurer has agreed to defend such groundless claims, it follows that the insurer cannot avoid its obligation to defend by showing that the conduct was outside coverage. In such a case, the insurer has represented to its insured that it will undertake the defense of any claim *regardless of the true facts.*

An examination of the relevant insurance policy in the instant cause brings forth the following provision:

"[T]he company [appellant] shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, *even if any of the allegations of the suit are groundless, false or fraudulent * * *.*" (Emphasis added.)

Appellant agreed by this provision to assume the defense of any unfounded claim asserted against its insured. Appellee's insurance premiums no doubt reflected the cost of obtaining such a promise from appellant. To release appellant from its duty to defend in this case is not only fundamentally unfair, it is contrary to the language of the policy and to our holding in *Preferred Risk, supra.*

Accordingly, I concur in the reversal of the judgment of the court of appeals to the extent that it imposed on appellant a duty to indemnify appellee in the event of an adverse judgment. However, I

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

509 N.E.2d 74                                                                                              Page 5

31 Ohio St.3d 65, 509 N.E.2d 74, 31 O.B.R. 180

**(Cite as: 31 Ohio St.3d 65, 509 N.E.2d 74)**

would affirm the appellate court's holding that appellant has an obligation to defend appellee on both claims.

31 Ohio St.3d 65, 509 N.E.2d 74, 31 O.B.R. 180

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.